## 51126. CASH v. THE STATE.

EVANS, Judge.

This is a drug case. Defendant was arrested and charged with the offense of theft by taking. A store security officer had followed defendant from a department store to the parking lot, detained her and returned her to the security office in the store to await the arrival of a police officer who carried her to jail.

Inventory was taken of her personal property at the jail, at which time she was found to possess illegal drugs, and charged accordingly.

Motion to suppress the drugs because of an illegal arrest was filed, heard and denied.

Defendant appeals. *Held:*

1. In a hearing on a motion to suppress the burden of proving that the search and seizure were lawful shall be on the state. Code Ann. § 27-313.

2. A private person may arrest an offender, if the offense is committed in his presence or within his immediate knowledge; and detain him, if it is a felony, upon reasonable and probable grounds of suspicion. Code §§ 27-201, 27-211; *Long v. State,* 12 Ga. 293 (4); *Moore v. State,* 128 Ga. App. 20 (195 SE2d 275). And the owner or operator of a mercantile establishment, or any agent or employee thereof, has broad powers under Code Ann. § 105-1005 to detain persons reasonably thought to be engaged in shoplifting. *Dixon v. S. S. Kresge, Inc.,* 119 Ga. App. 776 (1) (169 SE2d 189).

3. The security officer upon whose affidavit the accusation for theft by taking was made, testified that she saw the defendant take a $4.37 stereo tape, property of the department store, from the store without paying for it. This evidence was sufficient for the security officer to make an arrest; and the subsequent finding of the drugs during an inventory of her personal property at the jail was not an illegal search and seizure, since the arrest was

lawful.

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

SUBMITTED SEPTEMBER 10, 1975 — DECIDED OCTOBER 15, 1975.

*J. Dunham McAllister,* for appellant.

*William H. Ison, District Attorney, Clarence L. Leathers, Jr., Assistant District Attorney,* for appellee.