## 55140. WALKER v. THE STATE.

SMITH, Judge.

Walker appeals her conviction for criminal trespass and possession of cocaine, enumerating error on the court's refusal (1) to grant a writ of habeas corpus following her preliminary hearing, (2) to grant her motion to suppress evidence, and (3) to direct a verdict in her favor. We find no error and affirm.

An Atlanta police officer arrested the appellant inside the Peachtree Plaza Hotel on charges of prostitution. At that time, security personnel acting as agents for the hotel photographed the appellant, warning her that her photograph would be on file and if she were again found on the hotel's premises she would be subject to arrest for criminal trespass. At a later date, a hotel security guard spotted the appellant, verified her identity with the file photograph, then approached her and, after obtaining verbal verification of her identity, told her she was being arrested. Atlanta police officers were called to the scene and took custody of the appellant. As they escorted her from the hotel, she attempted to pass certain of her personal belongings to an acquaintance standing nearby, but this transaction was prevented. After she was placed in a patrol car, her purse and makeup kit were removed from her possession, and a search of the makeup kit revealed a vial containing cocaine.

1. The appellant was arrested, bound over after a preliminary hearing, indicted, tried, and convicted. Her preindictment application for a writ of habeas corpus was based upon alleged errors in her preliminary hearing. It is now well settled that errors, if any, in a preliminary hearing will not, in and of themselves, afford grounds for relief when the defendant is subsequently indicted by a grand jury. *Baldwin v. Sapp,* 238 Ga. 597 (234 SE2d 513) (1977); *Day v. State,* 237 Ga. 538 (228 SE2d 913) (1976).

2. An analysis of the arrest and search here shows that the arrest was lawful and the search was properly incident to the lawful arrest. The evidence shows clearly that the arrest was made by the hotel security guard, a private citizen, and not, as the appellant contends, by the Atlanta police officer who subsequently appeared on the

scene. Whether this arrest by a private citizen was lawful depends on whether the offense was committed in his presence or within his immediate knowledge. *Delegal v. State,* 109 Ga. 518, 521 (35 SE 105) (1899); Code § 27-211. Here, the criminal trespass took place in the presence of and within the knowledge of the security guard, and it was he who arrested the appellant. When Atlanta police came onto the scene, the appellant was not "rearrested" by them; her arrest status did not change, only her custody. Thus, it does not matter whether the police officers had sufficient personal knowledge of the crime to give them cause for a warrantless arrest (Code § 27-207), for they did not consummate the arrest, and their knowledge is not the test for the validity of this warrantless arrest. See *Young v. State,* 238 Ga. 548 (233 SE2d 750) (1977).

The arrest itself being lawful, there can be no question that the subsequent search of the appellant's personal effects, on her person and within her immediate control and possession, was likewise lawful. The cocaine was properly discovered, seized, and introduced into evidence.

3. Competent evidence supported a finding of guilty as to both counts. Thus, denial of the motion for directed verdict was correct.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

SUBMITTED JANUARY 5, 1978 — DECIDED FEBRUARY 16, 1978.

*Keenan, Wilkerson & Cox, Don C. Keenan, Gerald E. Wilkerson,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Donald J. Stein, A. Thomas Jones, Assistant District Attorneys,* for appellee.