### 56001. MASON v. THE STATE.

SHULMAN, Judge.

This appeal follows appellant's conviction for aggravated assault. We reverse the judgment.

1. By way of summation, the court instructed the jury that a finding of guilty of aggravated assault as charged would be authorized if the jury believed beyond a reasonable doubt that the accused unlawfully and without justification assaulted the person in the indictment. Appellant, citing *Young v. State,* 125 Ga. 584 (5) (54 SE 82), asserts that this summation improperly withdrew from jury consideration the issue of whether the

assault was committed with a deadly weapon. We disagree.

The trial court fully informed the jury in its charge that if they found an assault had occurred, it would be their task to determine whether the assault was committed with a deadly weapon. Here, unlike *Young,* the trial court did not expressly withdraw a necessary element from jury consideration. To the contrary, the trial court expressly instructed the jury to consider the issue.

If appellant is complaining that the jury instructions did not permit a finding of simple battery, that complaint is unfounded. The evidence showed that appellant struck the victim over the head with a regular baseball bat, approximately 36 inches in length, crushing the victim's skull. The offense was either aggravated assault or no offense at all; it could not have been a simple battery. *Higgins v. State,* 172 Ga. 221 (3) (157 SE 643). The trial judge properly charged on aggravated assault only. *Smith v. State,* 140 Ga. App. 395 (231 SE2d 143).

2. In two related enumerations, appellant asserts that the trial court erred in admitting into evidence two personal memoranda used by a witness, the sheriff, to refresh his memory. We agree.

The memoranda, which did not qualify as business records, were notes by the sheriff concerning interviews with defendant and the alleged victim. The notes were admitted into evidence over defendant's objection.

" ' "A witness may refresh and assist his memory by the use of any written instrument or memorandum, provided he finally shall speak from his recollection thus refreshed, or shall be willing to swear positively from the paper." Code § 38-1707. This definitely allows oral testimony by a witness which the witness, absent the memorandum, would not be able otherwise to recollect. Does it also form a basis for allowing the written memorandum on which the oral testimony is based to be introduced in evidence? Excluding such memoranda as are admissible by reason of coming under the Business Records Act or because they are part of the res gestae [cit.], it is generally held that the memorandum has no present evidentiary value, since "it is not the memorandum that is the evidence, but the recollection of the witness." [Cit.]

An exception is noted where the opposite side wishes to introduce the memorandum in order to weaken the effect of the testimony.' [Cit.] Accordingly, the trial court erred in admitting into evidence the memoranda prepared by the witnesses. . ." *State Hwy. Dept. v. Godfrey,* 118 Ga. App. 560 (1) (164 SE2d 340).

3. Appellant submits that the trial court erred in charging on confessions by instructing the jury that "admissions or confessions shall be scanned with care and received with great caution." See Code Ann. § 38-420. This charge could not have prejudiced the defendant.

4. In Enumeration 5, appellant contends that the trial court erred in charging on confessions, because there was no evidence to authorize such a charge. This contention must fail.

On direct testimony, the investigating sheriff summarized his interview with defendant: "He said when this thing happened he was pretty much under the influence of whiskey and that everything struck him wrong [and that] he hit [the alleged victim, a law enforcement official responding to a call concerning a domestic argument between defendant and defendant's wife] with a baseball bat, went back into the back yard and threw the bat into the car."

Appellant's alleged statement admitted the offense and contained no justification therefor. Accordingly, this evidence was sufficient to authorize a charge on confessions. Compare *O'Neal v. State,* 213 Ga. 232 (3) (98 SE2d 376). See generally *Davis v. State,* 234 Ga. 730 (7) (218 SE2d 20).

5. The court instructed the jury on self-defense in accordance with Code Ann. § 26-902, but omitted one of the alternatives of that section, that one is justified in using force likely to cause great bodily injury to another if one reasonably believes such force is necessary to prevent "the commission of a forcible felony." Appellant's argument that the trial court erred in refusing his timely written request to charge on this subject is well taken.

The defendant's testimony did raise the issue of an unlawful arrest (see *Ronemous v. State,* 87 Ga. App. 588 (3) (74 SE2d 676)) and authorized a finding that the law enforcement official was in the act of drawing his pistol

before defendant struck him with a baseball bat. The peace officer's testimony was in direct conflict with defendant's testimony. Because it is the duty of the trial court to charge upon every material issue of fact in the case (see *Franklin v. State,* 136 Ga. App. 47 (2) (220 SE2d 60)), the court should have instructed on justifiable resistance upon reasonable belief that the policeman was about to commit a forcible felony. *Mullis v.* State, 196 Ga. 569 (6, 9) (27 SE2d 91).

6. The trial court erred in refusing defendant's timely written request to charge on one's right to resist an illegal arrest. See *Jenkins v. State,* 3 Ga. App. 146 (3) (59 SE 435); *Perdue v. State,* 5 Ga. App. 821 (3) (63 SE 922); and *Walker v. State,* 46 Ga. App. 824 (169 SE 315).

7. Appellant urges that the trial court erred in refusing his timely written request to charge on Code Ann. § 92A-2108, the pre-employment statutory requirements for peace officers, and § 92A-2115, declaring arrests effected by peace officers not complying with Ch. 92A-21, to be unauthorized. We agree.

That the peace officer may or may not have satisfied the requirements of Code Ann. § 92A-2108 without evidence showing that the arrest was otherwise effected by means of unlawful force would not confer upon defendant the right to resist arrest by the commission of an aggravated assault. Cf. *Ross v. City of Lilburn,* 114 Ga. App. 428 (2) (151 SE2d 490). See also *Mullis v. State,* supra, Division 7. Noncompliance with the conditions of Ch. 92A-21 by the express terms of § 92A-2115 does, however, render the arrest unauthorized. The noncomplying peace officer is thereby relegated to the status of a private citizen who is also authorized to effect an arrest under certain circumstances. See *Coleman v. State,* 121 Ga. 594 (3) (49 SE 716). The trial court should have charged accordingly. *Delegal v. State,* 109 Ga. 518 (1) (35 SE 105).

8. We reject the underlying premise of appellant's argument that the attempted unauthorized arrest was a felony which per se conferred on appellant the right to resist with deadly force. Defendant's request to charge that false imprisonment and illegal arrest are felonies were abstract propositions of law which may have misled

the jury and were properly rejected. See *Davis v. State,* 143 Ga. App. 329 (3) (238 SE2d 289). The requested charges, to the effect that an attempted illegal arrest of defendant accompanied by the use of a firearm would authorize the defendant to use deadly force to resist, do not reflect the law (see *Mullis v. State,* supra) and were properly refused.

*Judgment reversed. Bell, C. J., and Birdsong, J., concur.*

ARGUED MAY 23, 1978 — DECIDED SEPTEMBER 12, 1978.

*Larsen & Lewis, W. W. Larsen, Jr.,* for appellant.
*B. B. Hayes, District Attorney, James Stanley Smith, Jr., Assistant District Attorney,* for appellee.