## 36877. PARAS v. THE STATE.

MARSHALL, Justice.

The defendant appeals from his conviction of the offense of "trafficking in cocaine," for which he received the applicable statutory mandatory minimum sentence of 15 years' imprisonment and a $250,000 fine. Code Ann. § 79A-811 (j) (3) (Ga. L. 1974, pp. 221, 243; 1975, pp. 1112, 1113; 1979, p. 1258; 1980, p. 432).

1. The appellant contends that Code Ann. § 79A-811, supra, is unconstitutional in several respects.

(a) The appellant first contends that the statute violates separation of powers (Art. I, Sec. II, Par. IV of the Georgia Constitution; Code Ann. § 2-204) in that the trial judge has been deprived by the legislature of his discretion as to the severity of the sentence to the extent of the statutory mandatory minimum sentence prescribed by § 79A-811 (j) (3). In connection with this argument, he notes the effect of § 79A-811 (m): "Notwithstanding the provisions of section 79A-9917, with respect to any person who is found to have violated section 79A-811 (j), section 79A-811 (k), or section 79A-811 (1) (3), adjudication of guilt or imposition of sentence shall not be suspended, probated, deferred, or withheld prior to serving the mandatory minimum term of imprisonment prescribed by this section."

Although the statute was apparently not timely challenged on this ground in the trial court, in the interest of judicial economy we exercise our discretion to decide the constitutional question raised here, as well as other questions likewise raised for the first time on appeal, as hereinafter indicated. See *Barnes v. State,* 244 Ga. 302 (1) (260 SE2d 40) (1979). The use of statutory mandatory minimum sentencing has been held to be constitutionally permissible by this court. *Johnson v. State,* 169 Ga. 814 (1) (152 SE 76) (1930); *Knight v. State,* 243 Ga. 770 (1) (257 SE2d 182) (1979); *Gunn v. State,* 244 Ga. 51 (2) (257 SE2d 538) (1979). Enumerated error 1 is without merit.

(b) The appellant next contends that the statute is un-

constitutional because the contended effect of subsection (m) — the prohibition of the parole of certain sentences — conflicts with the parole authority given the State Board of Pardons and Paroles in Art. IV, Sec. II, Par. I of the Georgia Constitution (Code Ann. § 2-2001).

Section 79A-811 (m) provides that the "adjudication of guilt or imposition of sentence shall not be *suspended, probated, deferred, or withheld . . .*" (Emphasis supplied.) The term "paroled" was not expressly included, and should not be implied. "[C]riminal statutes must be strictly construed against the state and liberally in favor of human liberty. *Matthews v. Everett,* 201 Ga. 730 (41 SE2d 148) (1947)." *Knight v. State,* 243 Ga. 770, supra, p. 775. Cf. *Davis v. State,* 154 Ga. App. 803 (7) (269 SE2d 874) (1980) (cert. dismissed as improvidently granted), remanding a maximum sentence *under a different statute* for the trial judge to exercise his discretion regarding probation and suspension; and *Matthews v. Everett,* 201 Ga. 730, supra, (1), holding that, "[u]nder the statutes relating to paroles, the State Board of Pardons and Paroles has authority, in its discretion and subject to its rules, to grant a parole to a convict confined in the penitentiary for a minimum and maximum term in accordance with the indeterminate-sentence law, *before the convict has served the minimum term of his sentence . . .*" (Emphasis supplied.)

Therefore, we hold that § 79A-811 (m) is not in conflict with Art. IV, Sec. II, Par. I of the State Constitution. Enumerated error 2 is without merit.

(c) The appellant next contends that the statute is unconstitutional in that it provides for cruel and unusual punishment in that it specifies a sentence which is so severe as to be completely disproportionate to the offense.

" 'The power to create crimes and to *prescribe punishment therefor is legislative.*' *Johnson v. State,* 169 Ga. 814, 817 [supra] . . . (Emphasis supplied.)" *Knight v. State,* 243 Ga. 770, supra, p. 771. The sentence imposed was the mandatory minimum sentence, which we have upheld in Division 1 (a), supra, and which is no greater than the sentence which the appellant could have received even prior to the 1980 amendments to the Controlled Substances Act. Possession with intent to distribute cocaine can carry a penalty of up to 30 years' imprisonment for the first offense. Enumerated errors 3 and 4 are without merit.

(d) The appellant next contends, apparently for the first time on appeal, that Code Ann. § 79A-811, subsections (j) (3) and (m), did not specifically repeal Code Ann. § 27-2503 (a) (Ga. L. 1974, pp. 352, 357) (providing for presentence hearings in felony cases), and that he was unconstitutionally deprived of his right to such a hearing prior to

sentencing. Code Ann. § 27-2503 (a), supra, is not inconsistent with Code Ann. § 79A-811, supra, except to the extent of the mandatory minimum sentence. Between that sentence and the maximum sentence, the appellant was entitled to, and apparently received, a presentence hearing, which resulted in his receiving the minimum sentence, rather than a longer one. Enumerated error 5 is without merit.

(e) Finally, the appellant contends that Code Ann. § 79A-811 (j) is unconstitutionally vague and indefinite in that it designates as an offense "trafficking in cocaine," allegedly without further definition of "trafficking." This contention, also apprarently raised for the first time on appeal, is unfounded. Subsection (j) clearly sets out the prohibited acts as follows: "Any person who knowingly sells, manufactures, delivers, or brings into this State, or who is knowingly in actual possession of, 28 grams or more of cocaine or of any mixture containing cocaine, as described in Schedule II, in violation of this Chapter, shall be guilty of the felony of 'Trafficking in Cocaine.' " Enumerated error 10 is without merit.

2. The appellant enumerates as error the denial of his motion for directed verdict of acquittal, contending that he had proved his defense of entrapment. The appellant urges that he participated in the sale only at the repeated requests of a person known to him only as "Paul." However, the evidence, including the appellant's own admission in court, showed his complete participation in not only this sale of a large quantity of high-grade cocaine but also in another cocaine sale days earlier. There is no entrapment where a defendant who is ready to commit the offense is merely furnished an opportunity. *Johnson v. State,* 246 Ga. 126 (2) (269 SE2d 18) (1980) and cit. Even repeated requests and offers of money do not make out an entrapment situation as a matter of law. *Leonardi v. State,* 154 Ga. App. 402 (1) (268 SE2d 380) (1980) and cits; *Jones v. State,* 154 Ga. App. 21 (2) (267 SE2d 323) (1980) and cits. Enumerated error 6 is without merit.

3. Enumerated errors 7 and 8 are the alleged denial of the appellant's motion to disclose the identity of the informant and to compel his production for interview, and the denial of a continuance for this purpose.

It is questionable whether the state was even required to reveal the name of this informant. "Where the disclosure of the informant's identity would at most serve only to furnish possible testimony impeaching the officer's testimony, disclosure of the informant's identity is not required. *Oliver v. State,* 146 Ga. App. 798 (247 SE2d 487) (1978)." *Black v. State,* 154 Ga. App. 441 (2) (268 SE2d 724) (1980).

Even if disclosure was required, the record shows that the identity of the informant, alleged by the state to be Paul J. Satterthwaite, was revealed to the appellant at page 24 of the motions transcript (although his name was variously spelled "Satterwaite" and "Satterthwaites").

We are aware of no requirement that the state be compelled to produce an informant whose identity probably could have been withheld. The state is not required to produce more witnesses than it needs to present its case. *Reaves v. State,* 242 Ga. 542, 556 (10) (250 SE2d 376) (1978); *Moore v. State,* 155 Ga. App. 149 (3) (270 SE2d 339) (1980). Furthermore, the drug agent involved in the case testified, at a pretrial hearing, that he did not know the present address or telephone number of the informant or how to get in touch with him, the last time he had seen the informant being during the incident in question. Under these circumstances, denial of continuance was not an abuse of discretion.

Enumerated errors 7 and 8 are without merit.

4. The appellant contends that the trial court erred in restricting cross-examination of Agent Kirkland with regard to anything that transpired between him and the informant and more specifically what the informant had told him regarding the appellant prior to the latter's arrest.

The issue at trial was whether the appellant, on a date specified in the indictment, possessed a certain amount of cocaine. Prior to trial, at a motion hearing the court determined that the informant's relevance would be limited to this issue. The trial court properly limited cross-examination as to hearsay testimony outside the scope of this pretrial limitation. Contrary to the appellant's assertion, the court did not restrict cross-examination in situations in which parts of a conversation were introduced during direct examination (which might have authorized the remaining parts to have been admitted, *Glasco v. State,* 137 Ga. 336 (2) (73 SE 578) (1912)), but only hearsay regarding totally irrelevant transactions was restricted. Enumerated error 9 is without merit.

The conviction and sentence are affirmed.

*Judgment affirmed. All the Justices concur, except Hill, P. J., who concurs in the judgment only as to Divisions 3 and 4.*

DECIDED FEBRUARY 2, 1981.

*Douglas W. McDonald, Sr., Robert J. Reed,* for appellant.
*Lewis R. Slaton, District Attorney, Robert A. Weathers, Joseph J. Drolet, Assistant District Attorneys, Arthur K. Bolton, Attorney*

*General,* for appellee.