## 61621. SMITH v. THE STATE.

SOGNIER, Judge.

Smith was convicted of burglary and theft by taking. On appeal he contends the trial court erred by denying his motion to suppress, and by not suppressing physical evidence and a confession obtained as a result of an illegal arrest.

1. Appellant's contention that his confession is not admissible

because it was obtained as a result of his illegal arrest is without merit. Our Supreme Court has held that where the rule against self-incrimination is not violated, "the mere fact that admissions are made by one while under illegal arrest does not render inadmissible testimony obtained from him which would otherwise be admissible." *Boyers v. State,* 198 Ga. 838, 846 (7) (33 SE2d 251) (1945). See also *Hill v. State,* 150 Ga. App. 451, 453 (2) (258 SE2d 206) (1979). After a Jackson-Denno hearing (Jackson v. Denno, 378 U.S. 368 (1964)) the trial court determined that the confession was made voluntarily. On appellate review, such a determination must be accepted unless the decision is clearly erroneous. *Gibbs v. State,* 235 Ga. 480, 482 (220 SE2d 254) (1975); *Rogers v. State,* 142 Ga. App. 387, 389 (236 SE2d 134) (1977). The determination by the trial court was not erroneous; accordingly, it was not error to admit appellant's confession.

2. Appellant contends the police had no probable cause to follow, and subsequently apprehend, the occupants of the car appellant was in; therefore, he contends that his arrest and the search and seizure of the car was illegal.

The evidence discloses that at 2:41 a.m. the alarm in a jewelry store in Rome, Georgia went off, and two police patrol cars were dispatched to the scene. En route to the jewelry store they met a large white car travelling in the opposite direction, going "a little bit over the speed limit." Both police cars arrived at the jewelry store at almost the same time, one police car drove on out of the parking lot to check the white vehicle and see why it was speeding. The two officers at the scene found that the jewelry store had been broken into; as they were exiting the store, they saw a large white Cadillac pull up at an intersection adjacent to the shopping center. When one of the officers pointed at the car, which was stopped behind another vehicle at a traffic signal, the car made a left-hand turn "in a reckless manner, and he floorboarded it." The police followed the car, which turned into a dead-end street and was forced to stop. The police saw the doors fly open and saw one man run from the car. One police officer pursued the man on foot; the other one went to the car, which still had the motor running. He turned off the motor, took the keys and joined in pursuit of the man who ran from the car. He met his fellow officer who had apprehended two men, one of whom was appellant. The police returned to the car and called for a wrecker; while waiting for its arrival they looked in the car, which had three of the four doors open. In the back seat and on the floorboard they saw several gold necklaces and five tags from watches which they seized. The wrecker took the car to the police station, where it was searched thoroughly. Appellant contends the police had no probable cause to follow the car; thus, their search and seizure of the car and its contents was

illegal. We disagree.

The police first saw the car coming from the general vicinity of the jewelry store, and it was speeding. Shortly thereafter the car was stopped at an intersection adjacent to the shopping center; when one of the police officers pointed at the car, it suddenly turned left and "floorboarded it." Such actions alone would justify the police officers in following the car, because it committed traffic violations in their presence. Further, seeing a large white car speeding from the general vicinity of a burglary, and subsequently seeing a large white Cadillac depart suddenly when one of the police officers pointed at the car, would certainly raise an articulable suspicion in the police officers' minds that the car might contain persons involved in the burglary. "'This court has held that 'articulable suspicion' is 'less than probable cause to make an arrest or conduct a search, but must be more than mere caprice or arbitrary harassment.' *Allen v. State,* 140 Ga. App. 828, 830 (232 SE2d 250)." *Radowick v. State,* 145 Ga. App. 231, 233 (244 SE2d 346) (1978). The circumstances giving rise to the action of the police in this case are more than sufficient to come within this definition of "articulable suspicion." Subsequently, when the occupant or occupants ran from the car, the police were justified in chasing and apprehending them.

Lastly, we point out that even had the arrest been illegal, the trial court was correct in denying the motion to suppress evidence found in the car. Appellant had no proprietary interest in the car, and thus no expectation of privacy therein; therefore, he lacked standing to complain of the search. *Brown v. State,* 240 Ga. 274, 275 (1) (240 SE2d 63) (1977), and cases cited therein. Hence, the enumeration of error is without merit.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JUNE 19, 1981.

*James C. Wyatt,* for appellant.

*F. Larry Salmon, District Attorney, Robert Engelhart, Assistant District Attorney,* for appellee.