## 63125. SEARS v. THE STATE.

BIRDSONG, Judge.

The sole enumeration of error in this appeal is that the trial court committed reversible error by allowing the state to introduce evidence over properly and timely objection in contravention of Code Ann. § 27-1303. *Held:*

The appellant Rena Sears admitted at trial that she obtained cocaine from a person named Glenn and sold it to the undercover agent as a favor. A month prior to trial, the appellant requested copies of all scientific reports under Code Ann. § 27-1303, the methodology and data supporting the same, and the names and qualifications of the individuals handling or testing the substances. The state produced a report which simply concluded that the seized substances were cocaine. Appellant's counsel requested information as to whether a certain type of analytic test had been performed on the substance; two weeks before trial the prosecution through counsel's answering service advised counsel of the number of tests run and that enough substance remained for appellant's own expert to examine it but for security reasons did not disclose to the answering service operator the names of the tests used. Appellant's counsel did not procure independent expert analysis, did not contact the crime lab for further information, and did not obtain expert defense witnesses until the morning of the trial. The prosecution continued to try to reach the defense attorney personally to relay the names of tests used. The night before trial, prosecuting counsel did advise defense counsel that the particular analytic test inquired about by defense counsel

had been performed, but refused to reveal to counsel what other tests had been performed.

At trial, the defense expert witness was permitted to remain in the courtroom during the testimony of the state's experts, notwithstanding the rule of sequestration, and the defense expert was allowed to review all the data used by the state crime lab experts in their testimony.

There was no violation of Code Ann. § 27-1303 in this case. The appellant asked for and got the scientific reports she was entitled to under that code section. If a defendant ought to be entitled to any particular information in a scientific report, it is a matter for the legislature to decree and not for the judiciary to decide upon an interpretation of Code Ann. § 27-1303. *Hartley v. State,* 159 Ga. App. 157 (282 SE2d 684).

The defendant's rights in pretrial discovery do not extend to "a complete and detailed accounting to the defense of all police investigatory work on a case," or to a detailed description of all analytical work performed by the crime lab. *Hartley,* supra, pp. 159-160. By dictate of Code Ann. § 27-1303, the defendant is entitled to a "complete copy of any written scientific reports in the possession of the prosecution in its case-in-chief or in rebuttal." The appellant in this case received this material.

Assuming that a proper Brady request was made for material exculpatory evidence, under which the appellant would have been entitled to such scientific analytical evidence which was material and exculpatory, no suppression of any such evidence is shown, and hence no appealable error. *Barnes v. State,* 157 Ga. App. 582 (277 SE2d 916). The appellant did not obtain an independent expert analysis although she does not deny that she had the opportunity to do so. Her expert witness was allowed to stay in the courtroom during the state's expert testimony and was allowed to review the data used by the state's experts in their testimony; the witness was thus available to provide able assistance to counsel for full cross examination of the state's experts, and thereby to discover the information he now contends was withheld. Nevertheless, the appellant has not shown this court that any evidence which was materially exculpatory to the appellant was suppressed. *Barnes,* supra. Hence no prejudice resulted to the appellant as a matter of fact in the trial of this case, even assuming that a proper Brady request had been made.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED MARCH 4, 1982.

*J. H. Affleck, Jr.,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Assistant District Attorney,* for appellee.