## 64371. POWELL v. THE STATE.

SOGNIER, Judge.

Possession with intent to distribute marijuana. Powell contends on appeal that the trial court erred by denying his motion to suppress evidence, and that the evidence is not sufficient to support the verdict.

About 8:00 p.m., July 17, 1981 law enforcement officers had three marijuana patches in a wooded rural area under surveillance. Ellis, a GBI agent, saw appellant on a dirt road looking at the road and the ditches alongside the road; Ellis moved closer and noticed a pickup truck and appellant's son standing by the truck. (At the time, Ellis had never seen Powell or his son before, and none of the other officers knew him or had seen him before.) Appellant returned to the truck and after driving along slowly, still looking at the road, departed. Ellis went into a field near the area where Powell stopped and saw about 100 marijuana plants which appeared to be freshly planted. He radioed Lieutenant Herrin, who picked up Ellis and three other officers. They followed the truck tracks which led to a compound known as the Bennett place. Herrin drove on and a short time later noticed a car behind him. He drove to Beach, Georgia, turned around and returned to the dirt road, which ran in a circle about five miles in circumference. A car approached and Herrin

backed into a side road; as the car passed the officers saw appellant and his son in the car. Herrin followed the car to the main highway and about 100 yards after turning onto the road to Beach, Herrin stopped appellant and his son. All five officers got out of their car and converged on both sides of the car. Appellant did not have identification with him, but stated he would return to his home a short distance away and get his identification for the officers. The officers then followed Powell and on arrival at the Bennett place, which appellant had rented, Herrin "formally" arrested Powell as soon as he stepped out of his car. Herrin testified that immediately after informing Powell of his arrest he obtained Powell's consent to search the premises and the officers found a few marijuana plants behind a greenhouse located on the residential compound. Because it was dark the officers discontinued their search. A search warrant was obtained and the following day the officers confiscated the marijuana plants in the patches originally under surveillance, and some plants in a field somewhere between 600 and 1000 yards back of the residential compound. Another residence was in the same compound and was occupied by Pete Noe, who was not related to the Powells.

Both Ellis and Herrin testified that at the time Powell was stopped on the road to Beach he had committed no crime in their presence and made no attempt to escape. On the contrary, he was very cooperative. Both Herrin and Ellis testified that when Powell was first stopped, his liberty was restrained and he was not free to depart; Herrin testified that Powell was under arrest at this time.

Powell contends that his warrantless arrest was illegal and, therefore, it was error to deny his motion to suppress evidence obtained as a result of his arrest. We agree.

Code Ann. § 27-207 (a) provides, in pertinent part: "An arrest for a crime may be made by an officer . . . without a warrant if the offense is committed in his presence, or the offender is endeavoring to escape . . . or for other cause there is likely to be a failure of justice for want of an officer to issue a warrant." Both Ellis and Herrin testified that Powell committed no crime in their presence and made no effort to escape. Further, there is nothing to indicate there would be a "failure of justice for want of an officer to issue a warrant."

The marijuana patches were at least a mile from appellant's residence, and were on land owned or leased by a timber company. Appellant was never observed in any of the patches or checking any side roads that led to the patches. In short, there was no evidence of any unlawful or criminal activity on the part of Powell at the time of his arrest, the police had never seen him before, and were unaware of his name or where he lived. In *Kelly v. State,* 129 Ga. App. 131, 132 (1) (198 SE2d 910) (1973), we held: "In exigent circumstances such as the

imminent removal or destruction of contraband, a police officer may arrest without a warrant, but there must be probable cause ... Rumor, suspicion, speculation or conjecture is not sufficient." See also Dunaway v. New York, 442 U. S. 200, 213 (99 SC 2248, 60 LE2d 824). We find no exigent circumstances in the instant case, as there was no indication that any of the marijuana patches would be destroyed overnight or removed. At most, the evidence shows only a suspicion raised by the fact that Powell and his son were on a road near land where the patches were located, and this is not sufficient to show probable cause to arrest. *Chalker v. State,* 148 Ga. App. 372, 373 (251 SE2d 391) (1978); *Kelly,* supra.

In the instant case we find no probable cause to arrest appellant, as the only thing he was observed doing which might even be considered suspicious was walking along a road looking at it, and this hardly rises to the level of probable cause to believe he was in possession of marijuana with intent to distribute the same. This is particularly true in view of the fact that the law enforcement officials had never seen or heard of Powell, did not know where he lived and did not know who he was. Since there was no probable cause to arrest appellant and the objectionable evidence was seized as a direct result of, and immediately after, the illegal arrest, we must reverse the trial court's denial of appellant's motion to suppress. *Bowers v. State,* 151 Ga. App. 46 (258 SE2d 623) (1979). (See also the discussion On Motion for Rehearing in *Bowers* at page 50). "Evidence obtained under a void warrant [or illegal arrest] is evidence illegally obtained and it has been settled once and for all that the taint of illegal procurement forbids its use as evidence." *Garner v. State,* 124 Ga. App. 33, 36 (182 SE2d 902) (1971); *Kelly,* supra, at 134 (3).

The state argues that appellant consented to the search of his premises and, thus, the evidence is admissible. At the time appellant allegedly consented to a search of his premises, he was surrounded by five law enforcement officers and had just been informed he was under arrest and advised of his rights. When appellant stated he would go into his house and get his identification he was informed that he could not go into his house unless accompanied by a police officer. It was at this point that Herrin asked for permission to search the premises, and he testified that appellant gave his permission.

We have held previously that "[a] prisoner in police custody by reason of an illegal arrest is in no position to refuse to comply with the demands of the officer in whose custody he is placed whether such demand is couched in the language of a polite request or a direct order. If ... a request, he is indirectly forced to comply." *Raif v. State,* 109 Ga. App. 354, 358 (136 SE2d 169) (1964). Accord, *Holtzendorf v. State,* 125 Ga. App. 747, 751 (188 SE2d 879) (1972); *Hunt v. State,* 133

Ga. App. 444 (211 SE2d 399) (1974). Applying this rule to the circumstances of the instant case, we find that appellant was indirectly forced to comply with Herrin's request and did not voluntarily consent to the search.

In view of our holding on this issue, we need not discuss the remaining enumerations of error.

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 21, 1982 —
REHEARING DENIED OCTOBER 8, 1982 — 

*M. Theodore Solomon,* for appellant.

*C. Deen Strickland, District Attorney, W. Fletcher Sams, Assistant District Attorney,* for appellee.