## 64405. MALLORY v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was charged in separate accusations with the offenses of misdemeanor (criminal trespass in two counts) and giving a false name to a law enforcement officer. Defendant was tried before the court without a jury. He was found innocent of one of the two counts of criminal trespass, but guilty of the remaining count and of the offense of giving a false name to a law enforcement officer. Defendant appeals. *Held:*

1. The state's evidence shows that defendant was accosting two women in and near a laundromat and that the two women waved down a police officer on routine patrol in a "marked vehicle." The officer placed the defendant in his patrol vehicle in order to question him. The arresting officer testified that defendant "just went wild," uttering abusive language, beating on the "screen of the patrol car, and then he began to kick out, try to kick out the left rear window of the patrol car, at which time he bent the whole door, the whole door was bent. I couldn't hardly shut the patrol car." The officer described the damage to the patrol car stating that "the top part of the door was bent out away from the frame probably three to four inches . . . you couldn't hardly even shut the patrol car after it was done . . ."

The defendant enumerates as error the trial court's allowing the

arresting officer, over objection, to testify as to the amount of damage done to the patrol car without there having been a proper foundation laid for the admission of this evidence. This enumeration is somewhat broader than defendant's objection at trial to the officer "giving any evidence as to the amount of damage unless he is an expert." As a court for the correction of errors of law we cannot consider for the first time on appeal any issue not raised in the trial court. *Brown v. State,* 161 Ga. App. 55, 57 (3) (289 SE2d 9). As to the issue raised at trial by defendant there was no requirement that the officer be an expert in order to express his opinion as to the amount of damages to the vehicle, provided he has had an opportunity for forming a correct opinion. Code § 38-1709 (now OCGA § 24-9-66, effective November 1, 1982); *Butts v. State,* 141 Ga. App. 119 (1) (232 SE2d 634).

2. The evidence was sufficient to support the verdict. The officer testified from his direct observations that defendant had damaged his patrol car and there was no damage to the vehicle prior to defendant's acts. "[A]s to everyday objects, such as automobiles, [triers of fact] may draw from their own experience in forming estimates of market value." *Atlantic C. L. R. Co. v. Clements,* 92 Ga. App. 451, 455 (2) (88 SE2d 809); *Hayes v. State,* 139 Ga. App. 316, 317 (228 SE2d 585); *Yarber v. State,* 144 Ga. App. 781, 782 (242 SE2d 372). The officer's testimony as to the damage to the patrol car was specific enough to permit the trial judge, as trier of fact, to draw from his own experience in forming an estimate of the amount of damages to the patrol car. This evidence authorized a finding of fact that the damage to the vehicle was in the amount of $100 or less, a misdemeanor.

3. Applying the standards adopted in *DePalma v. State,* 225 Ga. 465, 469 (3) (169 SE2d 801), we find there was no material variance between the allegations and the proof as to the identity of the vehicle damaged by defendant.

4. The defendant enumerates as error the trial court's denial of a directed verdict on the charge of giving a false name to the law enforcement officer. See Code Ann. § 26-2506 (Ga. L. 1968, pp. 1249, 1313) (now OCGA § 16-10-25, effective November 1, 1982). The arresting officer testified that Rudy Mallory is the name given him by the defendant which he placed on the arrest ticket and his report. However, at trial the arresting officer referred to the defendant as Leon Kristof, testifying that he did not know at the time of the incident involved that the defendant's "name was Mr. Kristof." The state presented the testimony of an investigator with the Atlanta Police Department who gave the following testimony: "Q. Okay, do you know the gentleman sitting in the middle of the defense

table? A. Yes, I do. Q. The gentleman in the red sweater? A. Yes, I do. Q. What is his name? A. Leon Kristof. Q. How long have you known Mr. Kristof? A. The first time that I ran into him was, I believe, in the summer of 1980. I asked him what his name was, and he told me Leon Kristof. I have since ran into him numerous times after that." Although the defendant gave testimony which would create some ambiguity as to his identity the trial judge, as trier of fact, was authorized to reject defendant's testimony and accept the state evidence as to defendant's identity.

5. We find that a rational trier of fact could reasonably have found from the evidence adduced at trial proof of defendant's guilt beyond a reasonable doubt of the offenses of criminal trespass and of giving a false name to a law enforcement officer. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Gregg v. State,* 233 Ga. 117, 123 (3) (210 SE2d 659); *Anderson v. State,* 248 Ga. 682, 683 (285 SE2d 533); *Brown v. State,* 161 Ga. App. 55 (1), supra.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED DECEMBER 1, 1982.

*Robert Simmons,* for appellant.
*Hinson McAuliffe, Solicitor, Paul C. McCommon III, Tom Weathers, Assistant Solicitors,* for appellee.