64668. HARVEY v. THE STATE.
64669. BROWN v. THE STATE.

SOGNIER, Judge.

Harvey and Brown were convicted in a joint trial of rape, and both appeal.

After accepting an offer of a ride home with three men, the victim was taken to a deserted area where she was beaten and raped by two of the men. The police were notified and on returning to the scene the victim's bra was found. The defendants drove up while the police were examining the scene and were identified by the victim as the men who raped her. The victim's jacket was found on the seat of the pick-up truck defendants were driving, and her billfold was found behind the seat in a police car used to take Brown to the police station. A physical examination of the victim at Grady Hospital disclosed several bruises, scratches on her back imbedded with dirt, and that she had recently had sexual intercourse.

1. Appellants contend the trial court erred by denying their motion for a directed verdict of acquittal because the state failed to establish penetration, an essential element of the offense, because all the victim stated was that she was "raped." They also contend the state failed to prove venue. In *Haney v. State,* 144 Ga. App. 885, 886 (242 SE2d 757) (1978), we held that the victim's testimony that she

was "raped," corroborated by other evidence concerning her emotional state, her state of attire, her outcry and her personal injuries, was sufficient to support an implication that intercourse had occurred. All of those elements are present here and additionally, the testimony of the doctor who examined the victim established that she had engaged recently in sexual intercourse. Thus, the contention is without merit.

As to a failure to prove venue, two police officers testified that Seminole Road, where the rape occurred, was in DeKalb County. The evidence of venue was sufficient. *Wells, alias Wilson v. State,* 210 Ga. 422, 423 (2) (80 SE2d 153) (1954); *Dixon v. State,* 150 Ga. App. 305 (257 SE2d 387) (1979).

As a verdict of acquittal was not demanded as a matter of law, it was not error to deny the motions for a directed verdict of acquittal. *Sims v. State,* 242 Ga. 256, 257 (1-3) (248 SE2d 651) (1978).

2. Both appellants contend the trial court erred by denying their motions to suppress all evidence seized, and flowing from, appellants' arrest, as the state did not establish that the arresting officers were certified peace officers who had completed the basic course of instruction required by the provisions of Code Ann. § 92A-2109 (now OCGA § 35-8-9). Thus, argue appellants, under the provisions of Code Ann. § 92A-2115 (a) (OCGA § 35-8-17(a)), the police officers were prohibited from exercising the powers of arrest and any testimony or evidence flowing from such illegal arrest was inadmissible.

When appellants raised this issue at trial the court allowed the state, which had not rested its case, to recall the two arresting officers. Both officers testified that they had completed the course of training required by Code Ann. § 92A-2109 (now OCGA § 35-8-9). "[I]n a motion to suppress, the judge sits as the trier of fact. [Cit.]" *State v. Betsill,* 144 Ga. App. 267, 268 (2) (240 SE2d 781) (1977). Since the trial court obviously found that the police officers had received the required training, it was not error to deny appellants' motions to suppress evidence flowing from their arrest.

3. Appellants contend the trial court erred in admitting into evidence the "rape kit" used by the doctor who examined the victim because a proper chain of custody was not shown. They argue that the state has failed to show what happened to the kit during the time it was stored in the gynecology clinic at Grady Hospital on December 13, 1981 until it was picked up by Officer Kimball and taken to the Crime Lab on January 5, 1982.

The rape kit was sealed at Grady Hospital and there was no evidence of tampering prior to its delivery, sealed, to the Crime Lab. We have held that it is not necessary that the state negative all

possibility of tampering, but only that it show it is reasonably certain there was no alteration. When there is only bare speculation of tampering, it is proper to admit the evidence and let what doubt remains go to its weight. *Meadows v. State,* 135 Ga. App. 758, 760 (219 SE2d 174) (1975); *Allums v. State,* 161 Ga. App. 842, 846 (4) (288 SE2d 783) (1982). Accordingly, it was not error to allow the rape kit in evidence, or to allow testimony concerning laboratory analysis of its contents.

4. Appellants next contend the trial court erred by allowing a state witness to testify whose name was not on the list of witnesses submitted to the defense, as required by Code Ann. § 27-1403 (now OCGA § 17-7-110).

Mr. Sanitmarie, a micro-analyst at the State Crime Lab testified that he received certain items of clothing and hair samples from Larry Peterson, another micro-analyst, after they were received by him at the Crime Lab from Officer W. S. Perry. Appellants objected to Sanitmarie's testimony relating to examination of these items because Peterson had not testified and thus, a proper chain of custody had not been shown. The court agreed and the state then called Peterson as a witness; appellants then objected to Peterson's testimony as his name was not included on the list of witnesses. Appellants contend the court's overruling of this objection was error.

The prosecuting attorney stated that until defense counsel objected to the chain of custody, he (the prosecuting attorney) was not aware that Peterson was a necessary witness. Although appellants contend there was not a proper showing of surprise, Officer Perry testified he had given the evidentiary items in question directly to Mr. Sanitmarie. It was only when Sanitmarie testified subsequently that the state learned he had received the items from Peterson, not Officer Perry. Under the circumstances we find a sufficient showing of surprise to warrant the trial court's action in allowing Peterson to testify. *Mitchell v. State,* 226 Ga. 450, 455 (3) (175 SE2d 545) (1970); *Gooch v. State,* 155 Ga. App. 708, 709-710 (2) (272 SE2d 572) (1980).

5. Appellants contend the trial court erred by refusing to give two of their written requests to charge. However, appellants have presented no argument or citations of authority on this enumeration in their brief. The ground is simply restated, and mere restatement of the ground in the brief is not enough. Therefore, it is deemed abandoned. *Schmid v. State,* 226 Ga. 70, 71 (172 SE2d 616) (1970); *Henry v. Allstate Ins. Co.,* 129 Ga. App. 223, 228 (2) (199 SE2d 338) (1973).

6. Appellants contend that the trial court erred by requiring counsel for the two appellants to split their arguments at the

conclusion of all testimony, i.e., counsel for one appellant was allowed to give opening argument, and after the state presented its argument counsel for the other appellant was allowed to give the concluding argument. In *Thornton v. State,* 157 Ga. App. 75, 77 (5) (276 SE2d 125) (1981), we held it was error for the trial court to refuse to allow two defendants to split the concluding arguments. We went on to hold, citing *Seyden v. State,* 78 Ga. 105 (4), that "while generally such a case would be reversed, where the evidence demands the verdict the error will be called harmless." In the instant case the evidence was overwhelming and demanded the verdict. Accordingly, the error was harmless. *Thornton,* supra.

7. Appellants next contend it was error for the trial court in its charge to refer to "contentions of the Defendant that they were not there" (the scene of the crime) when the appellants did not testify and presented no evidence.

We do not believe the above statement misled the jury, for the trial court also charged the jury that they were not to draw any inference whatsoever from the defendants' decision not to testify. "[W]here a charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence. [Cit.] There is no error where it is unlikely that the instructions considered as a whole would mislead a jury of ordinary intelligence. [Cit.]" *Collins v. State,* 145 Ga. App. 346, 348 (4) (243 SE2d 718) (1978). The trial court in the instant case instructed the jury fully and correctly on the issues involved. As the evidence against appellants was overwhelming, we will not disturb the verdict. Id.

8. Finally, appellant Brown contends it was error to deny his request that the State furnish him with the written statements of all witnesses prior to trial. "Georgia law does not provide that the statements of witnesses be generally available for discovery by the defendant in a criminal case." *Roberts v. State,* 243 Ga. 604, 605 (1) (255 SE2d 689) (1979). (See, however, OCGA § 17-7-210 (Code Ann. § 27-1302) as to written statements by a *defendant.)* Hence, this enumeration is without merit.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JANUARY 4, 1983.
Rape. DeKalb Superior Court. Before Judge Peeler.
*William L. Auld,* for appellant (case no. 64668).
*Calvin A. Leipold, Jr.,* for appellant (case no. 64669).
*Robert Wilson, District Attorney, Ann Poe Mitchell, Assistant*

*District Attorney,* for appellee.