## 65706. ROBINSON v. THE STATE.

SOGNIER, Judge.
Appellant was convicted in a bench trial of robbery. His sole enumeration of error is that the trial court erred by admitting his oral confession into evidence, because it was obtained as a result of an illegal arrest and was inadmissible under the "fruit of the poisonous tree" doctrine. (See Wong Sun v. United States, 371 U. S. 471 (83 SC 407, 9 LE2d 441) (1963)).

Four men came to the home of Liminie Kirkland late at night and knocked on the door. When Kirkland came to the door he was dragged into the street and robbed of $100. Kirkland recognized one of the men as Jimmy Coleman but could not identify the other men. Several days later two investigators from the sheriff's department arrested appellant at his home and took him to the sheriff's office for questioning. After advising appellant of his Miranda rights (Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966)) he was questioned about the robbery, and after approximately an hour of questioning appellant made an oral statement admitting his participation in the robbery. The statement was admitted into evidence, over objection, on the grounds that appellant was advised properly of his rights and his statement was made freely and voluntarily.

On appeal Robinson contends that his statement was inadmissible under the rulings of the United States Supreme Court in

Dunaway v. New York, 442 U. S. 200 (99 SC 2248, 60 LE2d 824) (1979) and Taylor v. Alabama, —— U. S. —— (102 SC 2664, 73 LE2d 314) (1982), because the confession was a direct result of his illegal arrest.

The evidence disclosed that appellant was picked up and taken to the sheriff's office for questioning based on information received from an informant that appellant was involved in the robbery of Kirkland. The detective receiving the information testified that he did not have enough information (probable cause) to obtain an arrest warrant. The detective also testified that appellant was in custody and was not free to leave the sheriff's office. Thus, appellant was under arrest. See *Caito v. State,* 130 Ga. App. 831, 833 (1) (204 SE2d 765) (1974). Although there was conflicting testimony as to where the detective received his information about appellant and the nature of such information, the source of the information is not relevant, as appellant's arrest without a warrant was clearly illegal under the circumstances of this case. See, generally, *Powell v. State,* 163 Ga. App. 801, 802-803 (295 SE2d 560) (1982).

OCGA § 17-4-20 (a) (Code Ann. § 27-207) provides: "An arrest for a crime may be made by a law enforcement officer . . . without a warrant if the offense is committed in his presence . . ., if the offender is endeavoring to escape . . . or for other cause if there is likely to be failure of justice for want of a judicial officer to issue a warrant." The investigators who "picked up" appellant acknowledged that none of the conditions for an arrest without a warrant existed in the instant case, and the detective who received the information about appellant testified that he did not have enough information (probable cause) to obtain an arrest warrant.

In both Dunaway and Taylor, supra, the circumstances were almost identical to the circumstances in the instant case. In both Dunaway and Taylor the police received information, or tips, that the defendants were involved in the crimes under investigation, but the information was not sufficient to provide probable cause to obtain an arrest warrant. Therefore, the police arrested the defendants without a warrant and took them to the police station for questioning, where the defendants confessed. In both cases the defendants had been advised of their Miranda rights and the voluntariness of the confessions was not in dispute. In Dunaway the Supreme Court of the United States found that the police violated the Fourth and Fourteenth Amendments to the Constitution of the United States when, without probable cause and without a warrant, they transported Dunaway to the police station for interrogation. In reversing Dunaway's conviction the court stated: "No intervening events broke the connection between petitioner's illegal detention and his confession. To admit petitioner's confession in such a case

would allow 'law enforcement officers to violate the Fourth Amendment with impunity, safe in the knowledge that they could wash their hands in the "procedural safeguards" of the Fifth.' [Cit.]" Dunaway, supra, at 219.

Although the state argues that the confession was voluntary, and thus admissible, the same argument was rejected in Dunaway and Taylor, supra. In Taylor the court stated: "The fact that the police did not physically abuse petitioner, or that the confession they obtained may have been 'voluntary' for purposes of the Fifth Amendment, does not cure the illegality of the initial arrest." Id. at 73 LE2d 321. See also Brown v. Illinois, 422 U. S. 590 (95 SC 2254, 45 LE2d 416) (1975), where the court held that there is no *per se* rule that Miranda warnings in and of themselves suffice to cure a Fourth Amendment violation involved in obtaining inculpatory statements during custodial interrogation following a formal arrest on less than probable cause. The court went on to hold that in order to use such statements, the prosecution must show not only that the statements meet Fifth Amendment requirements (voluntariness), but also that the causal connection between the statements and the illegal arrest is sufficiently attenuated so as to purge the primary taint of the illegal arrest in light of the distinct policies and interests of the Fourth Amendment.

Applying these principles to the instant case, it is clear that the causal connection between appellant's illegal arrest and his confession was not broken by any intervening events. In fact, the state's evidence established that appellant was interrogated from the time of his arrival at the sheriff's office until he confessed about one hour later. Accordingly, the trial court erred by admitting appellant's confession into evidence, and his conviction based solely on his confession cannot stand.

*Judgment reversed. Quillian, P. J., and Pope, J., concur.*

DECIDED MAY 10, 1983 —
REHEARING DENIED MAY 26, 1983 — 

*Arthur B. Edge IV,* for appellant.
*Arthur E. Mallory III, District Attorney, Blanchette C. Holland, Assistant District Attorney,* for appellee.