## 34192. FLEMING v. THE STATE.

MARSHALL, Justice.

The appellant, Son H. Fleming, was convicted in the Lanier Superior Court of the murder of Police Chief James Giddens of Ray City, Georgia. The jury imposed the death penalty, finding two statutory aggravating circumstances: (1) "The offense of murder was committed against Police Chief James Edward Giddens, a police officer, while he was engaged in the performance of his duties," Code Ann. § 27-2534.1 (b) (5) (Ga. L. 1973, pp. 159, 163); and (2) "The offense of murder was committed while the Defendant was engaged in the commission of another capital felony, to wit: kidnapping of and bodily injury to

James Edward Giddens, a human being." Code Ann. § 27-2534.1 (b) (2).

On direct appeal to this court, the appellant's murder conviction was affirmed, but his death sentence was set aside, because the court had failed to make clear to the jury that they could recommend a life sentence even if they found the existence of a statutory aggravating circumstance. See *Fleming v. State,* 240 Ga. 142 (240 SE2d 37) (1977). On remand, the appellant's motion for change of venue was granted, and his retrial on the question of punishment was held in the Cook Superior Court. The jury again sentenced the appellant to death, finding the same two statutory aggravating circumstances as found at his original trial. This is the appeal. A factual summary of the case is amply set out in *Fleming v. State,* supra, and will be repeated here as is necessary for a consideration of the enumerations of error raised.

1. In the first and eighth enumerations of error, the appellant contends that the evidence is insufficient to support imposition of the death penalty. The real question which these enumerations of error raise is whether the evidence supports the jury's finding of statutory aggravating circumstances. See Code Ann. § 27-2537 (c) (2) (Ga. L. 1973, pp. 159, 165).

The evidence presented at retrial on the question of punishment was substantially the same as the evidence presented at the original trial. This evidence authorized the jury in finding that Larry Fleming, Henry Willis, and the appellant were stopped by Police Chief Giddens after two black males identified as Larry Fleming and Henry Willis had robbed a grocery store in a car driven by the appellant. Giddens' bullet-riddled body was later found. The testimony of a fellow inmate at the Cook County jail indicated that the appellant admitted driving the car while the others robbed the grocery store, and that the appellant had participated in shooting Giddens.

The evidence supports the jury's finding that the appellant is guilty of murdering Police Chief Giddens while Giddens was engaged in the performance of his duties and while the appellant was engaged in the commission of another capital felony, to wit: the kidnapping with bodily injury of Policy Chief Giddens.

This enumeration of error is, accordingly, without merit.

2. In the second enumeration of error, the appellant argues that the trial court, in effect, coerced the jury into returning a verdict by delaying providing the jurors the evening meal, and by keeping the jury in session beyond a normal working day.

A review of the transcript fails to disclose any evidence to substantiate this argument. Nor does it appear that the appellant raised any objection to this at trial. We, therefore, find this enumeration of error to be without merit.

3. The third enumeration of error, in which the appellant argues that the death penalty constitutes cruel and unusual punishment, is also without merit. See Gregg v. Georgia, 428 U. S. 153 (96 SC 2909, 49 LE2d 859) (1976).

4. In the fourth enumeration of error, the appellant argues that under Code Ann. § 27-2503 (Ga. L. 1974, pp. 352, 357), only the jury trying the issue of guilt or innocence can sentence the accused to death. Thus, the appellant argues that since the court set aside the death sentence imposed by the jury returning a verdict of guilty on the murder charge, he could not subsequently be given the death penalty.

The argument made by the appellant in this enumeration of error has been decided adversely to him in Miller v. State, 237 Ga. 557 (229 SE2d 376) (1976), where it was held that a new sentencing trial can be held before a new jury where the jury convicting the accused also sentences him to death and the death sentence is set aside on appeal due to some error infecting the sentence.

5. In the fifth and seventh enumerations of error, the appellant argues that the trial court erred in failing to make clear to the jury that they could recommend a life sentence, for any reason whatsoever, without making a finding of mitigating circumstances.

The standard for determining the correctness of a jury charge during the sentencing stage of a death penalty case is found in Spivey v. State, 241 Ga. 477, 481 (246 SE2d 288) (1978). We have reviewed the jury charge in the present case, and we find it to be in compliance with Spivey. This enumeration of error is without merit.

6. In the sixth enumeration of error, the appellant argues that the trial court erred in allowing the state to read to the jury the testimony of a witness at the prior trial without showing that this witness was legally inaccessible, within the meaning of Code § 38-314.

There was no objection made to the admissibility of this testimony at trial, and the defendant can not complain of the admissibility of testimony for the first time on appeal. *Mallory v. State,* 230 Ga. 657 (2) (198 SE2d 677) (1973); *Starr v. State,* 229 Ga. 181 (190 SE2d 58) (1972). This enumeration of error is without merit.

7. Finally, we must determine whether the sentence of death was imposed under the influence of passion, prejudice, or any other arbitrary factor (Code Ann. § 27-2537 (c) (1)) and whether the sentence of death is excessive or disproportionate to the penalty imposed in similar cases, considering both the crime and the defendant. Code Ann. § 27-2537 (c) (3).

We find no evidence that the sentence of death was imposed under the influence of passion, prejudice, or any other arbitrary factor. The verdict is factually substantiated.

In reviewing the death penalty in this case, we have considered the cases appealed to this court since January 1, 1970, in which death or life sentences were imposed and find the similar cases listed in the appendix support the affirmance of the death penalty in this case. Son H. Fleming's sentence to death is not excessive or disproportionate to the penalty imposed in similar cases, considering both the crimes and the defendant.

*Judgment affirmed. All the Justices concur.*

Argued November 13, 1978 — Decided January 24, 1979 — Rehearing denied February 14, 1979.

*Edward Parrish, Benjamin Zeesman,* for appellant.

*Vickers Neugent, District Attorney, Terry Barnick, Assistant District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.

APPENDIX.

*Johnson v. State,* 226 Ga. 378 (174 SE2d 902) (1970); *Callahan v. State,* 229 Ga. 737 (194 SE2d 431) (1972); *Whitlock v. State,* 230 Ga. 700 (198 SE2d 865) (1973); *Bennett v. State,* 231 Ga. 458 (202 SE2d 99) (1973); *Ross v. State,* 233 Ga. 361 (211 SE2d 356) (1974); *Spencer v. State,* 236 Ga. 697 (224 SE2d 910) (1976).