## 65042. STONE v. THE STATE.

BIRDSONG, Judge.

Leonard Stone was convicted of driving under the influence of alcohol, vehicular homicide, and driving on the wrong side of highway. He was sentenced to seven years, the first four to serve followed by three years on probation. Stone brings this appeal enumerating eight alleged errors. *Held:*

The jury was warranted in finding that on the day of the accident, Stone along with several fellow employees drank at least four 16-ounce cans of beer. Stone then used one of his employer's trucks to assist an acquaintance in moving furniture to the acquaintance's new residence. The move was never accomplished but during the time the truck was being driven, Stone drank an unknown number of other cans or bottles of beer. Also, an open and partially consumed bottle of whiskey was found in the truck along with several unopened bottles of beer. After the accident, Stone was observed to be staggering, his eyes were bloodshot, his speech was slurred, and several witnesses testified that Stone was significantly under the influence of alcohol. At the time of the accident, Stone's truck was seen drifting across the median, yellow line of a two-lane road. The truck was across the yellow line at the time it struck the victim's auto (a 17-year-old high school student) in the left front portion of the car causing fatal injuries to the youth. Stone's defenses were that he was not driving at the time of the accident and that the accident was caused by a mechanical failure.

1. In his first, sixth, seventh and eighth enumerations of error, appellant in essence argues the general grounds. We will not speculate as to what evidence the jury chose to believe or disbelieve; on appeal this court is bound to construe the evidence with every inference and presumption being in favor of upholding the jury's verdict. *Mills v. State,* 137 Ga. App. 305, 306 (223 SE2d 498); *Wren v. State,* 57 Ga. App. 641, 644 (196 SE 146). Where the testimony of the state and that of the defendant is in conflict, the jury is the final arbiter ( *Crews v. State,* 133 Ga. App. 764 (213 SE2d 34)) and this court will not look to the weight of the evidence but only to its sufficiency. *Ridley v. State,* 236 Ga. 147 (223 SE2d 131). Upon a review of the matters presented to the jury and available for their consideration, we find as a matter of law that a rational trier of fact could reasonably find from that evidence proof of guilt beyond reasonable doubt. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528). There is no merit in the enumerations asserting an insufficiency of evidence.

2. In enumerations 2 and 3, appellant urges errors in the charge

of the court. The trial court apparently was presented with no requests to charge. Where appropriate the court charged in the language of the statutes involved. At one point, the court charged language that was not raised by the evidence but was a portion of the appropriate statute. At the conclusion of the charge, the trial court specifically inquired if there was any objection to the charge as rendered. Counsel for Stone expressed satisfaction with the charge and made no objection. Our perusal of the charge as a whole convinces us that though the charge in part was over-broad, there was no likelihood that the charge misled the jury or would authorize an inappropriate finding by the jury.

In view of the affirmative response by Stone's counsel that he was satisfied with the charge as given, Stone has waived his right to raise any issue on appeal as to the sufficiency of or the minor irregularities in the charge. *Jackson v. State,* 246 Ga. 459 (271 SE2d 855); *White v. State,* 243 Ga. 250 (253 SE2d 694). These enumerations present nothing to review.

3. Stone argues in enumeration of error 4 that the trial court erroneously curtailed his right to cross-examination. The transcript discloses that the state called a doctor who testified to his examination, treatment, and death of the victim and to the cause of death. On cross-examination, counsel for Stone sought to examine the doctor upon the doctor's examination and treatment of Stone. The state objected, complaining that the defense was exceeding the scope of direct examination and suggesting that Stone call the witness as his own as to this line of inquiry. Stone's counsel acceded to this objection and was allowed to adopt the doctor as his own witness. While the witness was still present as a state's witness and during the presentation of the state's case in chief, Stone was allowed to conduct his direct examination.

It is a legal truism that the scope of cross-examination lies largely within the discretion of the trial court and its control will not be curtailed by this court in the absence of an abuse of discretion *(Kessel v. State,* 236 Ga. 373, 375 (223 SE2d 811)). We find no abridgement of the right to cross-examine in this case. The court merely enforced the normal rules of evidence and allowed counsel full latitude to proceed in accordance with those rules. There is no merit in this enumeration.

4. In the fifth enumeration of error, Stone urges error in the admission of evidence referring to the fact that at the hospital he was advised of his duty to submit to a blood test. There is no contention that a full warning of his rights was not administered. The officer then related that Stone declined to submit to such a test. However, numerous witnesses testified to Stone's apparent intoxication. At the time this evidence was offered, appellant made no objection. Neither

did he request the trial court strike the evidence or seek curative instructions. In the absence of an objection or any indication that he thought the evidence inadmissible, Stone may not complain of the admission of this evidence for the first time on appeal. *Fleming v. State,* 243 Ga. 120, 123 (6) (252 SE2d 609). This enumeration presents nothing for review.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED DECEMBER 3, 1982 —
REHEARING DENIED DECEMBER 15, 1982.

*William W. Turner III, Edward Parrish,* for appellant.
*Vickers Neugent, District Attorney, Robert B. Ellis, Jr., Lew S. Barrow, Assistant District Attorneys,* for appellee.