## 39541. STONE v. THE STATE.

GREGORY, Justice.

The defendant, who was involved in an automobile collision, was convicted of driving under the influence of alcohol, vehicular homicide and driving on the wrong side of the road. On appeal he alleged, inter alia, that he had been denied his right to cross-examination when the trial court restricted his cross-examination of one of the State's witnesses to matters elicited on direct examination. The Court of Appeals affirmed, concluding that it was within the trial court's discretion to restrict the scope of defendant's cross-examination of the witness in this manner. *Stone v. State,* 164 Ga. App. 781 (298 SE2d 321) (1982). We granted certiorari to determine whether a defendant may cross-examine a witness for the State upon a subject matter other than that for which the State called the witness.

The record in this case shows that the State called Dr. Jesus Hiromoto, the physician who attended the victim prior to his death, to testify to the cause of the victim's death. On direct examination Dr. Hiromoto testified to the victim's condition upon arrival at the hospital, the cause of the victim's death and the efforts of the hospital staff to resuscitate the victim. On cross-examination defense counsel attempted to ask the witness about the *defendant's* condition when he was brought to the hospital. The State objected to this line of questioning on the ground that defendant "was limited on cross-examination to the issue covered in direct examination." The district attorney suggested that the defendant make the witness his own and proceed with these questions on direct examination. Defense counsel responded: "I believe [the witness] was subpoenaed to testify in the case of the State against Leonard Stone and any further information that he has may very well be gone into on cross-examination . . . Of course, I don't mind procuring that [information] on direct examination." The trial court then ruled that "any questions other than what [the witness] has testified to . . . would have to be done in direct examination . . . I would allow you to

ask questions at this time but subject to the usual rules or confinement on direct examination. Now as to anything concerning the decedent, you could fully cross." Defense counsel then stated, "We would have no desire to cross on his testimony so far." Defense counsel then extensively questioned Dr. Hiromoto about the extent of the defendant's injuries on the night of the accident.

The purpose of cross-examination is "to allow a searching and skillful test of [the witness'] intelligence, memory, accuracy and veracity." *Harris v. Central Railroad,* 78 Ga. 525, 534 (3 SE 355) (1887). In Georgia "[t]he right of a thorough and sifting cross-examination shall belong to every party as to the witnesses called against him." OCGA § 24-9-64 (formerly Code Ann. § 38-1705). The right of cross-examination in this state includes questioning a witness about subjects relevant to any of the issues in the case, not simply those matters elicited on direct examination.[1] *Ficken v. City of Atlanta,* 114 Ga. 970 (41 SE 58) (1902); Agnor, *Georgia Evidence,* § 4-8, p. 40 (1976); McCormick, *Evidence,* § 21, p. 46 (2d Ed. 1972). However, the permissible scope of cross-examination is not without limitations.

The trial court is vested with a discretion to restrict repetitious cross-examination, *Duckworth v. State,* 246 Ga. 631 (272 SE2d 332) (1980), and to prevent a party from attempting to elicit hearsay matters. *Paras v. State,* 247 Ga. 75, 78 (274 SE2d 451) (1981). Further, " '[t]he right of a party to a thorough and sifting cross-examination as to [a witness] called against him is not infringed by confining such examination to matters that are relevant to the issues in the case.' " *Bass v. Bass,* 222 Ga. 378, 384 (149 SE2d 818) (1966). Likewise, questions which are not material to the issues in the case are properly excluded. *Moore v. State,* 221 Ga. 636 (146 SE2d 895) (1966). It is within the trial court's discretion to curtail argumentative questions or questions which misstate the witness's testimony. *Haralson v. State,* 234 Ga. 406 (216 SE2d 304) (1975).

In the case before us the defendant maintained he was not driving the vehicle at the time of the collision and that he had a total failure of memory as to the events surrounding the collision. The defendant also claimed he was temporarily blind following the occurrence. It is not disputed that the defendant remained under

---

[1] We point out that under the Federal Rules of Evidence, the scope of cross-examination is "limited to the subject matter of the direct examination and matters affecting the credibility of the witness. The court may, in the exercise of discretion, permit inquiry into additional matters as if on direct examination." Federal Rule of Evidence 611 (b). The majority of states have adopted this rule. McCormick, Evidence, § 21, p. 46 (2d Ed. 1972).

hospital osbservation for three days. Defense counsel's attempt to elicit testimony from Dr. Hiromoto concerning the defendant's physical condition upon arrival at the hospital was clearly relevant to these issues. The trial court erred in ruling that defendant could not seek this information on cross-examination simply because it had not been brought out during direct. The record shows that defendant was permitted to ask leading questions of this witness on "direct examination." Therefore, we conclude that while the trial court erred in refusing to allow defendant to cross-examine Dr. Hiromoto, the defendant has not shown how he was harmed by this procedure.

*Judgment affirmed. All the Justices concur, except Smith, J., who dissents.*

DECIDED MARCH 2, 1983 —
REHEARING DENIED MARCH 23, 1983.

*Edward Parrish, David E. Perry,* for appellant.
*Lew S. Barrow, District Attorney, Robert B. Ellis, Jr., Assistant District Attorney,* for appellee.

SMITH, Justice, dissenting.

I respectfully dissent. While I fully agree that the trial court's ruling restricting appellant's right of cross-examination was erroneous, I cannot agree that the error was harmless. In Georgia, "[t]he right of a thorough and sifting cross-examination shall belong to every party as to the witnesses called against him." OCGA § 24-9-64 (Code Ann. § 38-1705). The right of cross-examination in Georgia is broader than that provided for by the Federal Rules, and encompasses any subject relevant to an issue in the case. As a result of our ruling in this case, a criminal defendant in Stone's position is faced with a Hobson's choice: he must either agree to make the hostile witness his own and be bound by his answers, or forgo cross-examination entirely on the disputed topics. This, it seems to me, is no choice at all. To allow this case to stand on the ground of harmless error merely encourages similar erroneous rulings by trial courts and, inevitably, compromises our cross-examination rule in Georgia. I therefore dissent.