A05A1189. STUART v. THE STATE.
(616 SE2d 855)

BLACKBURN, Presiding Judge.

Following her conviction of aggravated assault,[1] Patrice Stuart appeals, arguing that she received ineffective assistance of counsel. For the reasons which follow, we affirm.

In a single enumeration of error, Stuart argues that she received ineffective assistance of counsel because her trial counsel stipulated to the previously sworn testimony of a witness who was not present at trial. Stuart does not present argument explaining how trial counsel's stipulation to the testimony constituted ineffective assistance or cite to any authority in support of her argument but simply states that, since this is the first opportunity for appellate counsel to raise the issue of ineffective assistance of counsel, the case must be remanded to the trial court for consideration of the claim.

---

[1] OCGA § 16-5-21.

Generally, when the appeal presents the earliest practicable opportunity to raise an ineffectiveness claim, and the claim is indeed raised for the first time on appeal, we remand the case to the trial court for an evidentiary hearing on the issue. Remand is not mandated, however, if we can determine from the record that [Stuart] cannot satisfy the two-prong test set forth in *Strickland v. Washington*.[2]

(Citation and punctuation omitted.) *Grier v. State*.[3]

Under the *Strickland* test,

[t]he burden is on [Stuart] to establish that [s]he received ineffective assistance of counsel. To establish a claim of ineffective assistance of trial counsel, the defendant must show that counsel's performance was deficient and the deficient performance prejudiced the defense. In determining prejudice, the question is whether, without the errors of counsel, there is a reasonable probability that the jury would have had a reasonable doubt of guilt. As always, there is a strong presumption that trial counsel's assistance was adequate and that counsel's decisions were made within the bounds of reasonable professional judgment. A charge of ineffective assistance of counsel is not judged by a standard of errorless counsel or by hindsight, but rather whether counsel rendered reasonably effective assistance; there is a critical distinction between inadequate preparation and unwise choices of trial tactics and strategy, which are not to be judged by hindsight or result.

*Dye v. State*.[4]

First, our Court of Appeals Rule 25 (c) (2) specifically states that "[a]ny enumeration of error which is not supported in the brief by citation of authority or argument may be deemed abandoned." Here, Stuart fails to satisfy this responsibility. In the exercise of our discretion, however, we will review the record. Where a claim of ineffectiveness of counsel is properly raised for the first time on appeal, it is not necessary to remand the case to the trial court, when we can determine from the record whether or not an appellant's claim

---

[2] *Strickland v. Washington*, 466 U. S. 668, 695-696 (104 SC 2052, 80 LE2d 674) (1984).

[3] *Grier v. State*, 262 Ga. App. 777, 781 (3) (586 SE2d 448) (2003).

[4] *Dye v. State*, 266 Ga. App. 825, 826 (2) (598 SE2d 95) (2004).

of ineffective assistance of counsel will satisfy the two-prong *Strickland* test. Here, we have reviewed the trial transcript and find no basis for Stuart's ineffective assistance of counsel claim.

The only testimony to which Stuart's attorney stipulated is that of Detective Charles Blissett from a previous mistrial of this case in which Stuart's attorney thoroughly cross-examined Blissett. Our review of that testimony reveals no grounds, and Stuart has not advanced any, for concluding that trial counsel's performance was deficient because he stipulated to the testimony. "The decisions on which witnesses to call, whether and how to conduct cross-examinations, what jurors to accept or strike, what trial motions should be made, and all other strategies and tactical decisions are the exclusive province of the lawyer after consultation with his client." (Punctuation omitted.) *Hawes v. State.*[5] "Trial strategy and tactics do not equate with ineffective assistance of counsel." (Punctuation omitted.) *Lee v. State.*[6] Trial counsel's stipulation to the witness's prior testimony, made under oath before the judge and subject to trial counsel's searching cross-examination on behalf of this same defendant regarding this same case, "did not constitute an unreasonable or incompetent strategy." *Johnson v. State.*[7]

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED JUNE 29, 2005.

*Jackie G. Patterson*, for appellant.

*Jewel C. Scott, District Attorney, Richard C. Brown, Assistant District Attorney*, for appellee.

---

[5] *Hawes v. State*, 240 Ga. 327, 330 (II) (1) (240 SE2d 833) (1977).

[6] *Lee v. State*, 199 Ga. App. 246, 247 (3) (404 SE2d 598) (1991).

[7] *Johnson v. State*, 171 Ga. App. 851, 853 (1) (321 SE2d 402) (1984).