A07A1564. BASS v. THE STATE.
(653 SE2d 749)

SMITH, Presiding Judge.

James Lloyd Bass appeals following his conviction for driving under the influence of alcohol, driving with an unlawful blood-alcohol level, failure to maintain lane, and possession of an open container of alcoholic beverage while operating a vehicle. He enumerates as error the trial court's denial of his plea in bar based upon the alleged denial of his constitutional right to a speedy trial.[1] In *Bass v. State*, 275 Ga. App. 259 (620 SE2d 184) (2005), however, this court affirmed the trial court's denial of the same plea in bar.

> Although the "law of the case" rule has been statutorily abolished, any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be. This law of the case rule is not confined to civil cases, but applies also to rulings made by appellate courts in criminal cases.

(Citations and punctuation omitted.) *Pierce v. State*, 278 Ga. App. 162, 163 (1) (628 SE2d 235) (2006).

Because this court's earlier decision is controlling, Bass's appeal is without merit.

*Judgment affirmed. Barnes, C. J., and Miller, J., concur.*

---

[1] Bass also enumerates as error the trial court's refusal to allow a certain defense witness to testify. We will not consider this enumeration, however, because Bass has failed to include a specific reference to the record or transcript where the trial court made the alleged ruling, as required by Court of Appeals Rule 25 (c) (3) (i). "It is not the function of this court to cull the record on behalf of a party." (Citation and punctuation omitted.) *Harris v. State*, 256 Ga. App. 120, 122 (2) (567 SE2d 394) (2002).

DECIDED AUGUST 20, 2007 —
RECONSIDERATION DISMISSED SEPTEMBER 19, 2007.

James L. Bass, *pro se.*

Joe W. Hendricks, Jr., District Attorney, Fay I. McCormack, Assistant District Attorney, for appellee.