A08A0432. FLEMING v. THE STATE.
(662 SE2d 861)

JOHNSON, Presiding Judge.

The trial court has granted Larry Fleming an out-of-time appeal from his 1994 guilty plea to aggravated assault. As we previously held in *Fleming v. State*,[1] the indictment charging Fleming with the crime was fatally flawed. Thus, we must now reverse his conviction.

Following a 1976 crime spree, Fleming was convicted of armed robbery, kidnapping, and murder.[2] He received a life sentence, but was later paroled. In 1994, Fleming pled guilty to aggravated assault and was sentenced to serve one year. As a result of this new crime, Fleming's parole was revoked and he was returned to prison, where he remains.

In 2004, Fleming filed a pro se motion for an out-of-time appeal of his guilty plea, arguing that he had received ineffective assistance of counsel and that the indictment charging him with aggravated assault was defective. The trial court denied the motion on the ground that Fleming could seek relief only through a petition for writ of habeas corpus. Fleming appealed.

---

[13] (Citation, punctuation and footnote omitted.) *Ellis v. State*, 289 Ga. App. 452, 455 (1) (657 SE2d 562) (2008).

[14] See id.; *Kohlhaas*, supra.

[1] 276 Ga. App. 491 (623 SE2d 696) (2005).

[2] Although Fleming apparently did not appeal those convictions, the convictions and sentences of his two accomplices were affirmed on appeal. See *Willis v. State*, 243 Ga. 185 (253 SE2d 70) (1979); *Fleming v. State*, 243 Ga. 120 (252 SE2d 609) (1979); *Fleming v. State*, 240 Ga. 142 (240 SE2d 37) (1977).

In our opinion, we noted that a criminal defendant who seeks an out-of-time appeal from a guilty plea must show that (1) the issues he raises can be resolved by facts appearing in the record and (2) his right to appeal was frustrated by ineffective assertion of counsel.[3] Applying this standard, we agreed with the trial court that Fleming could pursue his claim of ineffective assistance of counsel only through habeas proceedings.[4] But we held that Fleming might be entitled to an out-of-time direct appeal to pursue his challenge to the indictment.

We first found that Fleming's challenge to the indictment could be resolved by facts appearing in the record.[5] With respect to the second requirement, we noted that "the failure to file a timely direct appeal does not constitute ineffective assistance where claims of error that would have been asserted in such an appeal are without merit."[6] We then turned to the merits of Fleming's challenge, and we agreed with him that the indictment was fatally flawed because it failed to charge the elements of aggravated assault and because the state had improperly altered it during the guilty plea hearing.[7] "Thus," we held, "Fleming's challenge to the indictment is meritorious."[8] But because we could not determine from the existing record whether Fleming's right to appeal had been frustrated by ineffective assistance of counsel, we remanded the case to the trial court for a hearing on that issue.[9]

On remand, after an evidentiary hearing, the trial court found that Fleming's attorney had been ineffective because he had not informed Fleming of his right to appeal.[10] Thus, the court granted Fleming's motion for an out-of-time appeal. Fleming then filed this appeal, in which he asks us to reverse his aggravated assault conviction based on our previous conclusion that the indictment was fatally flawed.

1. The state argues that Fleming failed to carry his burden at the evidentiary hearing of showing that his counsel was ineffective. According to the state, the only evidence before the court was Fleming's "self-serving declaration." The state also argues that the

---

[3] *Fleming v. State*, 276 Ga. App. at 492 (1); see also *Smith v. State*, 266 Ga. 687 (470 SE2d 436) (1996).

[4] *Fleming v. State*, 276 Ga. App. at 492.

[5] Id.

[6] (Footnote omitted.) Id. at 492-493.

[7] Id. at 493-494.

[8] Id. at 494.

[9] Id. at 494-495.

[10] The court cited *Glass v. State*, 248 Ga. App. 91 (545 SE2d 360) (2001), in which we held that defense counsel's failure to obtain his client's consent before foregoing an appeal constituted ineffective assistance. Id. at 93 (1).

court never actually made a finding that counsel's performance was deficient; the court merely "acquiesced" to Fleming. Finally, the state contends that the trial court made no finding that Fleming was prejudiced by any deficient performance of counsel. We reject these arguments.

To establish ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense.[11] We will affirm a trial court's ruling that the defendant received ineffective assistance of counsel unless the court's factual findings are clearly erroneous or are legally insufficient to show ineffective assistance of counsel.[12] Contrary to the state's argument, the trial court plainly found that Fleming's counsel rendered ineffective assistance. Because no transcript of the hearing appears in the record, we must presume that the court's factual findings are properly supported.[13] Moreover, our previous holding that Fleming's challenge to the indictment is meritorious established the necessary prejudice.

2. The state also argues that the indictment was not fatally flawed. As noted, however, we have already decided that issue in Fleming's favor.[14]

> Although the "law of the case" rule has been statutorily abolished, any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be. This law of the case rule is not confined to civil cases, but applies also to rulings made by appellate courts in criminal cases.[15]

Thus, our earlier controlling decision requires that we now reverse Fleming's aggravated assault conviction because the indictment was fatally flawed.[16]

*Judgment reversed. Barnes, C. J., and Phipps, J., concur.*

---

[11] *Stuart v. State*, 274 Ga. App. 120, 121 (616 SE2d 855) (2005).

[12] *Turpin v. Curtis*, 278 Ga. 698, 699 (1) (606 SE2d 244) (2004); *Glidewell v. State*, 279 Ga. App. 114, 121 (7) (630 SE2d 621) (2006).

[13] See, e.g., *Gordillo v. State*, 255 Ga. App. 73, 75 (3) (564 SE2d 486) (2002); *Smalls v. State*, 242 Ga. App. 39, 40 (1) (528 SE2d 560) (2000).

[14] See *Fleming v. State*, 276 Ga. App. at 492-494 (1).

[15] (Citation omitted.) *Bass v. State*, 287 Ga. App. 600 (653 SE2d 749) (2007).

[16] See *Hogan v. State*, 261 Ga. App. 261, 262 (2) (582 SE2d 210) (2003) (noting that there can be no conviction when the indictment fails to allege an essential element of the crime).

DECIDED JUNE 4, 2008.

*Timothy L. Eidson, Jason P. Carini*, for appellant.
*Denise D. Fachini, District Attorney, Cheri L. Nichols, Assistant District Attorney*, for appellee.