671 S.E.2d 453

**Stephen Westley HATFIELD, Petitioner Below, Appellee,**

v.

**Howard PAINTER, Warden of Mount Olive Correctional Complex, Respondent Below, Appellant.**

No. 33668.

Supreme Court of Appeals of West Virginia.

Submitted April 16, 2008.

Decided Nov. 12, 2008.

Thomas M. Plymale, Assistant Prosecuting Attorney, Wayne, for the Appellant.

Lonnie C. Simmons, DiTrapano, Barrett & Dipiero, PLLC, Charleston, David R. Tyson, Tyson & Tyson, Huntington, for the Appellee.

PER CURIAM:

The respondent below and appellant herein, Howard Painter, as the Warden of Mount Olive Correctional Center (hereinafter "appellant"), appeals from an order entered March 16, 2007, by the Circuit Court of Wayne County. In the underlying case, the circuit court granted summary judgment in a habeas corpus action filed by the petitioner below and appellee herein, Stephen Westley Hatfield (hereinafter "defendant"). The circuit court determined that the defendant was incompetent at the point in time that he entered his guilty plea. Thus, the lower court set aside the convictions and ordered a new trial. On appeal to this Court, the appellant argues that the circuit court's determination was incorrect because the defendant was competent at the time he entered into a guilty plea. The defendant responds that the circuit court's award of summary judgment was correct and, further, that the appellant's appeal was untimely filed and should be dismissed.[1] Based upon the par-

---

1. The defendant filed a motion to dismiss the appellant's appeal, which was denied by this Court. Leave was granted to discuss the issue at oral argument, and the matter was reasserted in

ties' arguments, the record designated for our consideration, and the pertinent authorities, we find that the appeal was timely filed, and that the circuit court's award of summary judgment was in error. Therefore, the decision of the circuit court is reversed and remanded.

## I.

## FACTUAL AND PROCEDURAL HISTORY

This case has been before this Court on two other occasions. Knowledge of the prior case history is essential to understanding the present posture of the case. The defendant previously pled guilty to allegations that he shot and killed his ex-girlfriend in 1988. He also pled guilty to allegations that, in the course of this act, he shot and wounded the boyfriend of his ex-girlfriend and shot and wounded an innocent bystander. The defendant then fled and was subsequently wounded during an exchange of gunfire with police when he was finally apprehended.

Despite opposition by his counsel, the defendant pled guilty to one count of first degree murder and two counts of malicious wounding. An appeal to this Court followed. The appeal was based on the defendant's assertion that he had been incompetent to enter a guilty plea. This Court remanded the action to the circuit court to make certain inquiries of the defendant and to ask the defendant whether he understood counsel's reasons for opposing entry of a guilty plea. *See generally State v. Hatfield*, 186 W.Va. 507, 413 S.E.2d 162 (1991) (hereinafter "*Hatfield I*"). On remand, the circuit court denied the defendant's request to withdraw his guilty pleas and ratified his previously-imposed sentences. The lower court determined that the defendant was competent at the time he entered his guilty pleas and that *Hatfield I* did not vacate the guilty pleas that were the basis of the first appeal.[2] The defendant again appealed to this Court, as-

serting that the decision in *Hatfield I* had vacated his previous convictions. This Court disagreed and affirmed the lower court's determinations, finding that the lower court fulfilled the mandate on remand and had conducted a proper hearing to resolve the question of this Court. *See generally State v. Hatfield*, 206 W.Va. 125, 522 S.E.2d 416 (1999) (per curiam) (hereinafter "*Hatfield II*").

The subject of the present appeal to this Court is the defendant's subsequent action in habeas corpus, filed on September 28, 2000, setting forth numerous violations of his constitutional rights.[3] Counsel for the defendant filed a motion for summary judgment in the lower court on three of the asserted counts. The motion for summary judgment was granted on one count: the defendant's constitutional rights were violated because he was incompetent at the time he entered his guilty plea, and he was denied a full evidentiary hearing on the issue of competency. The other counts were deemed moot. Thus, the lower court determined that the guilty pleas had been entered at a time when the defendant was incompetent. The lower court set aside the prior convictions and ordered the State of West Virginia to proceed against the defendant in accordance with the original indictment.

The January 31, 2005, order by the lower court granting summary judgment did not set forth the court's own findings of fact and conclusions of law. Rather, it incorporated by reference the proposed findings and conclusions that the defendant had submitted. While the order disposed of the issue of the defendant's competence at the time the guilty plea was entered, the order also mandated more psychological and/or psychiatric examinations to determine the defendant's present mental status prior to the State proceeding against the original indictment.

the defendant's response brief and was addressed at oral argument. We will consider this issue in Section III.A, *infra*.

**2.** The same trial judge presided over the remand proceeding as had previously accepted the defendant's guilty pleas. However, a different trial

judge authored the order that resulted from the remand proceedings.

**3.** A special judge was appointed to preside over the habeas issues.

After receiving the results of the ordered psychological testing, the lower court entered an order on September 14, 2005, stating that the defendant "presently is mentally **competent to stand trial** and **competent to assist his counsel** to a reasonable degree of psychiatric certainty[.]" (Emphasis in original). Within that same order, the circuit court also found that it "has resolved the *habeas corpus* issues originally presented and processed; correspondingly, the Court does further find that this Court, which was appointed as a Special Judge to preside in this *habeas corpus* action, has completed its duties in this case and has no authority to take any further action." [4]

The State filed a motion on November 3, 2005, titled "Motion for Specific Findings of Fact and Conclusions of Law and Motion for Clarification." This motion was based on the circuit court's failure to make specific findings of fact and conclusions of law in its January 31, 2005, order that granted summary judgment to the defendant.[5] Thereafter, the circuit court filed an order titled "Supplemental Order: Granting Motion for Summary Judgment" on March 16, 2007. This order was substantially the same as the January 31, 2005, order; however, it recited the findings and conclusions within the order itself as compared to referencing them from another document.[6]

It is from the March 16, 2007, order that this appeal is taken based on the appellant's argument that this is the final appealable order in the case. The appellant argues that the lower court's determination that the defendant was incompetent at the time of the guilty plea was in error. The defendant responds that the lower court's determination as to his competency was accurate, and that setting aside the convictions was proper given the lack of a full evidentiary hearing. Further, the defendant argues that the September 14, 2005, order was the final appealable order and that an attempt to appeal the

March 16, 2007, order was inappropriate. Thus, the defendant filed a motion to dismiss due to the alleged untimeliness of the appeal.

## II.

### STANDARD OF REVIEW

The appellant maintains that the circuit court erred by granting summary judgment to the defendant in the habeas action. In Syllabus point 1 of *State ex rel. Postelwaite v. Bechtold*, 158 W.Va. 479, 212 S.E.2d 69 (1975), we held that "[f]indings of fact made by a trial court in a post-conviction habeas corpus proceeding will not be set aside or reversed on appeal by this Court unless such findings are clearly wrong." Because the issue before us results from an award of summary judgment, we are guided by the principle that "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). Thus, in undertaking our *de novo* review, we apply the same standard for granting summary judgment that is applied by the circuit court:

> " 'A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.' Syllabus Point 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963)." Syllabus Point 1, *Andrick v. Town of Buckhannon*, 187 W.Va. 706, 421 S.E.2d 247 (1992).

Syl. pt. 2, *Painter*, 192 W.Va. 189, 451 S.E.2d 755. Mindful of these applicable standards, we now consider the substantive issues raised herein.

## III.

### DISCUSSION

On appeal to this Court, the parties have briefed and argued both substantive and pro-

---

4. Subsequent to the special judge's completion of the habeas matters, this Court reassigned the same special judge to preside over the anticipated criminal trial.

5. Despite several references in the record to the January 31, 2005, order, contained in both court orders and in party pleadings, the appellant de-

nies knowledge of the January 31, 2005, order until October 1, 2005.

6. The order also contained some nonsubstantive, stylistic changes, as well as citations to two recent cases promulgated by this Court.

cedural matters. Regarding the procedural matter, the appellant argues that the appeal is timely because the January 31, 2005, order was not a proper order in that it failed to set forth findings and conclusions. Thus, the appellant alleges that the proper order was entered March 16, 2007, in the supplemental order and that the petition for appeal to this Court was timely. Conversely, the defendant argues that the final order was the order of September 14, 2005, because the lower court specifically found that it "has resolved the *habeas corpus* issues originally presented and processed; correspondingly, the Court does further find that this Court, which was appointed as a Special Judge to preside in this *habeas corpus* action, has completed its duties in this case and has no authority to take any further action." Thus, the defendant contends that the time frame for filing any appeal was started with this order, and that the appeal was improperly filed more than twenty-two months after the final order was entered.

On the merits, the appellant asks this Court to reverse the supplemental order granting summary judgment, reinstate the defendant's convictions, and remand the case for an omnibus hearing on the remaining issues in the habeas corpus action.[7] The appellant argues that the guilty plea was properly accepted in the underlying case and that the subsequent award of summary judgment was improper. It is alleged that, even had there been a failure to conduct an evidentiary hearing before accepting the guilty plea, the error was harmless because it was cured by subsequent proceedings.[8] Conversely, the defendant argues that the circuit court was correct to set aside the convictions based on the testimony of the mental health experts regarding his competency and the lack of an evidentiary hearing. Thus, the defendant argues that the lower court's most recent decision to set aside the convictions

and proceed to trial is appropriate. Before reaching the merits of the case, this opinion will first address the procedural issue regarding the timeliness of the appeal.

### A. Procedural Issue: Timeliness of Appeal

■ Before reaching the substantive issues of the merits, this Court must determine whether it has jurisdiction to preside over this case in light of the procedural issues raised regarding the timeliness of the appeal. *See* Syl. pt. 2, *State ex rel. Davis v. Boles,* 151 W.Va. 221, 151 S.E.2d 110 (1966) ("An appellate court is without jurisdiction to entertain an appeal after the statutory appeal period has expired."). Pursuant to W. Va.Code § 58–4–4 (1973) (Repl. Vol. 2005), the time period to perfect an appeal is limited to four months, with limited exceptions providing for extensions:[9]

No petition shall be presented to the circuit court or judge for an appeal from, or writ of error or supersedeas to, any judgment, decree or order rendered or made by such court of limited jurisdiction, whether the State be a party thereto or not, which shall have been rendered or made more than four months before, such petition is presented[.]

*See also* W. Va. R.App.Proc. 3 ("(a) *Time for Petition.*—No petition shall be presented for an appeal from, or a writ of supersedeas to, any judgment, decree or order, which shall have been entered more than four months before such petition is filed in the office of the clerk of the circuit court[.]"). Recognizing this jurisdictional time limit, this Court has previously stated that "[u]nder the provisions of Code, 1931, 58–4–4, as amended, it is imperative that any appeal from a conviction by a court of limited jurisdiction be instituted by filing a petition therefor within four months from the date of the judgment." Syl. pt. 1, *Davis,* 151 W.Va. 221, 151 S.E.2d 110.

---

7. The other issues set forth in the habeas matter were deemed moot by the lower court when it awarded summary judgment on the competency issue. Thus, the other habeas issues are not before this Court for review.

8. These subsequent proceedings included review by this Court, *see generally State v. Hatfield,* 186 W.Va. 507, 413 S.E.2d 162 (1991); a hearing on

remand by the lower court; and a second review by this Court. *See generally State v. Hatfield,* 206 W.Va. 125, 522 S.E.2d 416 (1999) (per curiam).

9. Because no extensions to the appeal period were requested or granted, that portion of the statute is inapplicable and is not cited.

■ Having reiterated our jurisdictional prerequisite that appeals must be filed within four months of the final order, we must now determine whether this case was timely filed. To do so, we must examine the date that the final order was rendered or entered. The parties disagree as to which order constitutes the final appealable order. The appellant maintains that the final appealable order was entered March 16, 2007, when the lower court entered its "Supplemental Order: Granting Motion for Summary Judgment." On the other hand, the defendant argues that the final appealable order was rendered September 14, 2005, and that the resulting appeal to this Court was untimely. We agree with the appellant that the final appealable order was entered March 16, 2007; thus, the appeal to this Court was timely filed.

■ As this Court has previously recognized, findings of fact are required in orders granting summary judgment. "Although our standard of review for summary judgment remains de novo, a circuit court's order granting summary judgment must set out factual findings sufficient to permit meaningful appellate review. Findings of fact, by necessity, include those facts which the circuit court finds relevant, determinative of the issues and undisputed." Syl. pt. 3, *Fayette County Nat'l Bank v. Lilly*, 199 W.Va. 349, 484 S.E.2d 232 (1997). Further, the Post Conviction Habeas Corpus Act, W. Va.Code § 53–4A–7(c) (2008) (Repl. Vol. 2008) [10] states that

[i]n any order entered in accordance with the provisions of this section, the court shall make specific findings of fact and conclusions of law relating to each contention or contentions and grounds (in fact or law) advanced, shall clearly state the grounds upon which the matter was determined, and shall state whether a federal and/or state right was presented and decided. Any order entered in accordance with the provisions of this section shall constitute a final judgment, and, unless reversed, shall be conclusive.

*Accord* Syl. pt. 8, *State ex rel. Vernatter v. Warden, West Virginia Penitentiary*, 207 W.Va. 11, 528 S.E.2d 207 (1999) (" 'West Virginia Code section 53–4A–7(c) (1994) requires a circuit court denying or granting relief in a habeas corpus proceeding to make specific findings of fact and conclusions of law relating to each contention advanced by the petitioner, and to state the grounds upon which the matter was determined.' Syllabus point 1, *State ex rel. Watson v. Hill*, 200 W.Va. 201, 488 S.E.2d 476 (1997)."). *Cf. State ex rel. Postelwaite v. Bechtold*, 158 W.Va. 479, 485, 212 S.E.2d 69, 73 (1975) (deciding that even though "[f]indings and conclusions were not stated in the trial court's final order . . . the accompanying memorandum opinion substantially fulfilled the requirements of the statute, albeit in somewhat summary fashion[.]").

Applying these legal principles to the instant case, it is clear that the March 16, 2007, order can validly be considered the final appealable order. The first order granting summary judgment was entered January 31, 2005; however, it did not set forth the lower court's own findings of fact and conclusions of law. Rather, it incorporated by reference the proposed findings and conclusions that the defendant had submitted. While the order disposed of the issue of the defendant's competence at the time the guilty plea was entered, the order also mandated more psychological and/or psychiatric examinations to determine the defendant's present competency. Significantly, no party claims that the January 31, 2005, order is the order that started the running of the appeal time period. The lower court then entered an order September 14, 2005, subsequent to the examinations mandated by the previous order. The language of the September 14, 2005, order stated that the lower court "has resolved the *habeas corpus* issues originally presented and processed; correspondingly, the Court does further find that this Court, which was appointed as a Special Judge to preside in this *habeas corpus* action, has completed its duties in this case and has no authority to take any further action." While

---

10. The current version of W. Va.Code § 53–4A–7(c) (2008) does not differ in this regard from the 1967 version. *Compare* W. Va.Code § 53–4A– 7(c) (2008) (Repl. Vol. 2008) *with* W. Va.Code § 53–4A–7(c) (1967).

the appellant argues that it only learned of the January 31, 2005, order granting summary judgment on October 1, 2005, this contention is irrelevant.[11]

Thereafter, the appellant filed a motion on November 3, 2005,[12] asking for clarification of the January 31, 2005, order. The document was titled "Motion for Specific Findings of Fact and Conclusions of Law and Motion for Clarification," and was based on the circuit court's failure to make specific findings of fact and conclusions of law in its January 31, 2005, order that granted summary judgment to the defendant. Thereafter, the circuit court filed an order titled "Supplemental Order: Granting Motion for Summary Judgment" on March 16, 2007. This order was substantially the same as the January 31, 2005, order; however, it recited the findings and conclusions within the order itself as compared to referencing them from another document.

 As explained in the appellant's brief to this Court, the "[a]ppellant objected to the entry of the [January 31, 2005,] Order on the basis that the Court's ruling was not supported by particular findings of fact and conclusions of law. The Special Judge then entered a Supplemental Order on March 16, 2007[.]" Appellant's Br. at p. 4. Significantly, in the "Supplemental Order: Granting Motion for Summary Judgment," the trial court acknowledged that

**11.** The September 14, 2005, order referenced the order entered on January 31, 2005, order. While not relevant to this Court's decision, the appellant should have known of the January 31, 2005, order at least by the time it knew of the September 14, 2005, order.

**12.** While the parties' briefs refer to this motion being filed on various dates, we will defer to the date stamped on the pleading by the clerk's office, a copy of which is contained in the record for our review.

**13.** We wish to make clear that, even if we had determined that the summary judgment requirements of *Lilly* did not trigger the appeal period, we would still find this case timely appealed under Rule 60(b) of the West Virginia Rules of Civil Procedure. This Court has held that "a motion served more than ten days after a final judgment is a Rule 60(b) motion." *Savage v. Booth*, 196 W.Va. 65, 68 n. 5, 468 S.E.2d 318, 321 n. 5 (1996). *See also* Syl. pt. 2, *Powderidge*

[o]n a previous day hereto, namely January 31, 2005, this Court issued an order granting summary judgment in favor of the [defendant], as the record to this matter will reflect. There were, however, certain omissions from that Order, particularly in the form of certain findings and conclusions, that the Court wished to supplement said Order with in the interests of justice.... As a result of which, the Court has determined that it is just and proper, as well as reasonable and necessary, to issue this Supplemental Order granting the relief set out herein.

Further, in the supplemental order, the trial court recognized that its January 31, 2005, order "was not properly supported by particular findings of fact and conclusions of law, which were omitted, and that in the interests of justice, as well as in compliance with the Rules this Court should issue a <u>Supplemental Order</u> curing those omissions[.]" Thus, the circuit court recognized that the first order granting summary judgment did not meet the requirements set out in *Lilly*. The appellant herein properly made a motion for *Lilly* findings with the November 3, 2005, "Motion for Specific Findings of Fact and Conclusions of Law and Motion for Clarification." As a result, there was a subsequent order of March 16, 2007, setting out findings of fact and conclusions of law. The appellant timely appealed from this order.[13]

*Unit Owners Ass'n v. Highland Props., Ltd.,* 196 W.Va. 692, 474 S.E.2d 872 (1996) ("When a party filing a motion for reconsideration does not indicate under which West Virginia Rule of Civil Procedure it is filing the motion, the motion will be considered to be either a Rule 59(e) motion to alter or amend a judgment or a Rule 60(b) motion for relief from a judgment order. If the motion is filed within ten days of the circuit court's entry of judgment, the motion is treated as a motion to alter or amend under Rule 59(e). If the motion is filed outside the ten-day limit, it can only be addressed under Rule 60(b)."). It has been recognized that, "[a]lthough Rule 60(b) does not explicitly allow a party to file a motion for clarification and reconsideration, it is well established that a proper Rule 60(b) motion may urge a court to reconsider or vacate a prior judgment." Franklin D. Cleckley, Robin J. Davis, and Louis J. Palmer, Jr., *Litigation Handbook on West Virginia Rules of Civil Procedure* § 60(b), at p. 1190 (3d ed. 2008). Insofar as a Rule 60(b) motion does not stop the running of

## B. Substantive Issue: Competency at Time of Guilty Plea

We have determined that the appeal was timely filed and is properly before this Court for consideration; thus, we turn to the substantive matters raised herein. The circuit court, in its March 16, 2007, order, determined that this case presents "really only one issue, whether the [defendant] was at the time of the original trial, or even presently, competent to stand trial, as the standards for such are established by statute and by the holdings of our Supreme Court." The trial court went on to hold that "it is just and proper, as well as fair and equitable, to GRANT the [defendant's] WVRCP Rule 56(c) Motion for Summary Judgment, as to ground one, with all other grounds thereby becoming moot, and to require the proper relief asset [sic] forth hereafter[.]" As support for its decision, the trial court found

[t]hat neither the decision by the West Virginia Supreme Court in *Hatfield I* nor *Hatfield II* addressed the specific due process issue raised in [defendant's] habeas corpus petition. Thus, this habeas corpus proceeding is the first opportunity a court has had to address whether or not [the defendant's] due process rights were violated when the trial court determined his mental competency without holding a full evidentiary hearing on the issue.

To the contrary, we disagree.

In *Hatfield I*, the defendant appealed his conviction, based upon his guilty plea, of one count of first-degree murder and two counts of malicious wounding. The guilty plea was entered against advice of counsel. On appeal before this Court in *Hatfield I*, the primary arguments raised by the defendant were his competence and the circuit court's acceptance of the guilty plea. As stated in the *Hatfield I* opinion,

[o]ur review of the record in this case indicates that the inquiry of the [defendant] by the circuit court, under the circumstances of most cases, would be adequate to satisfy the requirements to ensure protection of a defendant's constitutional rights.

However, in this case, there is an overlay to the proceedings in the circuit court which, if not explored further by that court, may result in severe prejudice to the [defendant]. This involves: (1) the second suicide attempt by the [defendant]; and (2) the [defendant's] plea of guilty *against the advice of counsel.*

*Hatfield,* 186 W.Va. at 512, 413 S.E.2d at 167. This Court in *Hatfield I* was particularly concerned about the defendant's second suicide attempt that occurred after he was ad-

---

the appeal period, "[a]n appeal of the denial of a *Rule* 60(b) motion ... brings to consideration for review only the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order." *Toler v. Shelton,* 157 W.Va. 778, 784, 204 S.E.2d 85, 89 (1974) (internal citations omitted). Although "Rule 60(b) is not a substitute for an appeal and the finality of judgments ought not be disturbed except on very narrow grounds, a liberal construction should be given the rule to the end that judgments which are void ... not be left standing." *Brennan v. Midwestern United Life Ins. Co.,* 450 F.2d 999, 1003 (7th Cir.1971). The motion for reconsideration or clarification filed by the appellant could have been viewed by this Court as a motion under Rule 60(b)(4) of the West Virginia Rules of Civil Procedure. *See Kopelman & Assocs., L.C. v. Collins,* 196 W.Va. 489, 494 n. 6, 473 S.E.2d 910, 915 n. 6 (1996) ("[W]e are not bound by the label employed below, and we will treat the [motion] as one made pursuant to the most appropriate rule." (internal quotations and citations omitted)). *See also* Syl. pt. 3,

*Lieving v. Hadley,* 188 W.Va. 197, 423 S.E.2d 600 (1992) ("A motion which would otherwise qualify as a Rule 59(e) motion that is not filed and served within ten days of the entry of judgment is a Rule 60(b) motion regardless of how styled and does not toll the four month appeal period for appeal to this court."), *abrogated on other grounds by Walker v. Doe,* 210 W.Va. 490, 558 S.E.2d 290 (2001). Under Rule 60(b)(4) of the West Virginia Rules of Civil Procedure, a judgment may be set aside if it is void. It has been said that "[a] judgment is void, and therefore subject to relief under Rule 60(b)(4), only if the trial court that rendered judgment lacked subject matter jurisdiction, jurisdiction over the parties, or in circumstances in which the court's action amounts to a plain usurpation of power constituting a violation of due process." Cleckley, et al., *Litigation Handbook,* § 60(b)(4), at p. 1203. As we will explain in Section III.B, *infra,* the circuit court's order was void because it lacked subject matter jurisdiction over the issue of Mr. Hatfield's competency, in the manner in which the issue was presented.

judged competent to stand trial by the circuit court, and with the defendant's guilty plea against the advice and counsel of his lawyer. *Hatfield I* proceeded to remand the case to the circuit court with the following instruction:

> Where a circuit court has found that a defendant in a criminal case where the possible punishment is life imprisonment without mercy is competent to stand trial, but subsequent to the competency hearing, the defendant attempts to commit suicide, then against advice of counsel indicates his desire to plead guilty to the charges in the indictment, before taking the plea of guilty, the trial judge should make certain inquiries of the defendant and counsel for the defendant in addition to those mandated in *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975). The court should require counsel to state on the record the reason why counsel opposes the guilty plea. The court should then ask the defendant to acknowledge on the record that he understands his counsel's statements and if in view of them he still desires to plead guilty. If the defendant then states he still desires to plead guilty, the court may accept the plea.

Syl. pt. 6, *Hatfield,* 186 W.Va. 507, 413 S.E.2d 162.

On remand, the lower court was to determine the impact, if any, of the defendant's subsequent suicide attempt, and to determine if the defendant understood why his lawyers opposed his guilty plea. During the remand proceeding, the defendant refused to cooperate with further psychological testing, so the circuit court was unable to analyze the impact of the suicide attempts. Further, it was determined that the defendant understood his counsel's opposition to his guilty plea; thus, the circuit court refused to allow the defendant to withdraw his guilty plea and ratified his previous sentence.

The defendant appealed the case a second time to this Court, which resulted in *Hatfield II.* In *Hatfield II,* the defendant argued that the circuit court failed to follow the directives of *Hatfield I* and denied him due process of law. This Court, in *Hatfield II,* affirmed the lower court's actions on remand

from *Hatfield I, Hatfield II* recognized that the lower court "once again determined that the [defendant] was competent at the time he entered his original guilty pleas to one count of first degree murder and two counts of malicious assault[.]" *Hatfield,* 206 W.Va. at 126, 522 S.E.2d at 417.

In affirming the lower court's actions, this Court in *Hatfield II* recognized that,

> [o]n remand, the lower court sought to have the [defendant] undergo another psychiatric evaluation ... to "evaluat[e] the competency of the Defendant at the time he entered his guilty plea in December 1989 ...." The day after the hearing which resulted in the lower court ordering this additional psychiatric evaluation, the [defendant] objected to the evaluation and indicated [that] he would not participate in it.

*Hatfield,* 206 W.Va. at 127, 522 S.E.2d at 418. Thus, at the competency hearing, the defendant's two trial attorneys testified regarding their objections to the defendant's entry of a guilty plea. The lower court engaged the defendant in a conversation about his understanding of the circumstances, and the lower court reviewed the previously-presented mental health information from the experts. Based on its review, the lower court found that the defendant had been competent at the time he had entered his guilty plea and, further, refused to allow the defendant to withdraw his guilty plea. In summary, this Court in *Hatfield II* found that the circuit court made the necessary inquiry directed by *Hatfield I.* Consequently, this Court "conclude[d] that the lower court followed this Court's directive on remand and did not deny the [defendant] his due process rights in so doing." *Hatfield,* 206 W.Va. at 130, 522 S.E.2d at 421.

 As has been recognized by this Court, "[t]he general rule is that when a question has been definitely determined by this Court its decision is conclusive on parties, privies and courts, including this Court, upon a second appeal or writ of error and it is regarded as the law of the case." Syl. pt. 1, *Mullins v. Green,* 145 W.Va. 469, 115 S.E.2d 320 (1960). The law of the case doctrine has been further explained as follows:

The law of the case doctrine "generally prohibits reconsideration of issues which have been decided in a prior appeal in the same case, provided that there has been no material changes in the facts since the prior appeal, such issues may not be relitigated in the trial court or re-examined in a second, appeal." 5 Am.Jur.2d *Appellate Review* § 605 at 300 (1995) (footnotes omitted). "[T]he doctrine is a salutary rule of policy and practice, grounded in important considerations related to stability in the decision making process, predictability of results, proper working relationships between trial and appellate courts, and judicial economy." *United States v. Rivera–Martinez*, 931 F.2d 148, 151 (1st Cir.1991). *State ex rel. Frazier & Oxley, L.C. v. Cummings*, 214 W.Va. 802, 808, 591 S.E.2d 728, 734 (2003). However, the law of the case doctrine is not all-encompassing. "Law of the case principles do not bar a trial court from acting unless an appellate decision was issued on the merits of the claim sought to be precluded. *See Shore v. Warden, Stateville Prison*, 942 F.2d 1117, 1123 (7th Cir.1991), *cert. denied*, 504 U.S. 922, 112 S.Ct. 1973, 118 L.Ed.2d 573 (1992)." *Bartles v. Hinkle*, 196 W.Va. 381, 388 n. 5, 472 S.E.2d 827, 834 n. 5 (1996). Significantly, "[the] law of the case rule is not confined to civil cases, but applies also to rulings made by appellate courts in criminal cases." *Fleming v. State*, 291 Ga. App. 787, 662 S.E.2d 861, 863 (2008) (footnote omitted).

■■■ Returning to the case *sub judice*, the review of *Hatfield I* and *Hatfield II* clearly shows that the habeas corpus proceeding was *not* the first opportunity a court had to address whether the defendant's due process rights were violated when the trial court determined his mental competency without holding a full evidentiary hearing on the issue. The circuit court's conclusion that it could address the defendant's due process

claims in the habeas action is clearly wrong in light of the record and of the previous considerations in the previous reviews of the *Hatfield* cases.[14] Implicit and explicit in *Hatfield I* and *Hatfield II* was this Court's concern with whether due process protections were implemented in accepting the defendant's guilty plea. Such a determination necessarily included an analysis of the defendant's competency at the time he entered the guilty plea. Thus, the circuit court in the habeas corpus proceeding was bound by the decisions previously reached by the circuit court in the criminal proceeding, which were affirmed by this Court. The circuit court in the habeas proceeding was without authority to address the issue of the defendant's competency at the time he entered his guilty plea.[15]

As a final matter, we note that the circuit court relied heavily on this Court's decision in Syllabus point 4 of *State v. Sanders*, 209 W.Va. 367, 549 S.E.2d 40 (2001), which states:

> Where a criminal defendant has already been afforded a competency hearing pursuant to W. Va.Code §§ 27–6A–1(d) & –2 (1983) and been found mentally competent to stand trial, a trial court need not suspend proceedings for purposes of permitting further psychiatric evaluation or conducting an additional hearing unless it is presented with new evidence casting serious doubt on the validity of the earlier competency finding, or with an intervening change of circumstance that renders the prior determination an unreliable gauge of present mental competency.

The lower court's March 16, 2007, order declares that, based on our holding in *Sanders*,

> the fact that a Defendant has been affored [sic] a mental status evaluation and later been found competent to stand trial following an adversarial hearing does not relieve a trial court of its responsibility to

---

**14.** While not relevant to our current review of this case, we note that the circuit court could have addressed the issue in the context of an ineffective assistance of counsel claim. Such a claim was not addressed by *Hatfield I* or *Hatfield II*. Further, the circuit court dismissed as moot all grounds presented in the habeas corpus proceeding except for the issue of the defendant's competency at the time he entered his guilty

plea. As such, only the one issue considered by the circuit court is ripe for our consideration during this review; and this Court makes no comment as to the merits of the other asserted grounds in the habeas corpus matter. *See* note 16, *infra*.

**15.** *See* note 13, *supra*.

remain watchful and vigilant as to the possibility that the Defendant may lapse into incompetency during the course of subsequent proceedings[.]

Thus, the circuit court determined that the subsequent suicide attempt by the defendant allowed it to review the issue of the defendant's competency at the time he entered his guilty plea. However, while we agree with the principles of law espoused in *Sanders,* we find them inapplicable to the present case. *Hatfield I* remanded the case for further development by the circuit court. One of the items instructed to be developed was the impact of the subsequent suicide attempt on the defendant's competency determination. The lower court, on remand pursuant to the *Hatfield I* directive, ordered further psychological testing of the defendant. As recognized in *Hatfield II,* the defendant refused to participate in any further testing. That issue has been concluded by this Court, and the lower court was without authority to reexamine the matter.

▇▇▇▇ Moreover, our case law is clear that a defendant cannot create an error and then complain about the occurrence of the error. As has been previously explained, "[a] litigant may not silently acquiesce to an alleged error, or actively contribute to such error, and then raise that error as a reason for reversal on appeal." Syl. pt. 1, *Maples v. West Virginia Dep't of Commerce, Div. of Parks & Recreation,* 197 W.Va. 318, 475 S.E.2d 410 (1996). *See also State v. Swims,* 212 W.Va. 263, 569 S.E.2d 784 (2002) (applying principles from Syllabus point 1 of *Maples* to criminal case); *State v. Carey,* 210 W.Va. 651, 558 S.E.2d 650 (2001) (per curiam) (same); *State v. McIntosh,* 207 W.Va. 561, 534 S.E.2d 757 (2000) (per curiam) (same). Other cases have also recognized a defendant's failure to comply with testing as a bar to allowing the defendant to prevail on his or her own invited error. *See, e.g., State v. Were,* 94 Ohio St.3d 173, 761 N.E.2d 591, 595 (2002) (Resnick, J., dissenting) ("[The defendant] resisted any meaningful attempt to have his mental state evaluated by the court-appointed experts.... Moreover, due

to the [defendant's] deliberate acts, there was no way the trial court could conduct a hearing.... If any error occurred, it was invited error on the part of the [defendant.]"). In summary, because the error, if any, was created by the defendant in his refusal to participate in further psychological testing, he has waived any claims he had regarding such error.

## IV.

### CONCLUSION

For the foregoing reasons, we determine that this appeal was timely filed. Further, we find that the grant of summary judgment was in error. Thus, the March 16, 2007, order is reversed and remanded [16] for consideration consistent with this opinion.

Reversed and Remanded.

Chief Justice MAYNARD, deeming himself disqualified, did not participate in the decision of this case.

Justice COOKMAN sitting by temporary assignment.

Justice ALBRIGHT did not participate in the issuance of this opinion.

---

**16.** The circuit court granted the summary judgment on ground one of the habeas corpus proceeding and dismissed as moot all other grounds. As such, only the one issue considered by the circuit court is ripe for our consideration during this review, and this Court makes no comment as to the merits of the other asserted grounds in the habeas corpus matter.